OPINION OF THE COURT
Memorandum.
The order of the Appellate Division' should be modified, with costs to appellants, to grant a stay of arbitration with respect to section 9 of article VI of the contract, but otherwise to deny the petition.
Whether the curriculum changes initiated by the board constituted "a change in policy or practice” within the meaning of section 1 of article XIX of the contract between the parties is a matter of contractual agreement within the arbitration provision of the contract (art III, § 5.4). Since section 1 of article XIX requires only that proposed changes be submitted for review and mutual agreement to a committee formed in conjunction with the association, but expressly provides that "[f]inal consideration is at the discretion of the Board of Education”, there is no public policy prohibition against submission to arbitration of the questions whether there was a change in policy and a failure to follow the procedure contracted for (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411; Matter of Board of Educ. v United Federation of Teachers, 46 NY2d 1018).
Arbitration with respect to the job security provision of the contract (art VI, § 9) is, however, another matter. While the contract provision requires layoff of those with the least seniority in the school district, subdivision 2 of section 2510 of the Education Law directs that "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued” (emphasis added). The apparent purpose of that provision is to maintain teaching proficiency which would otherwise be denigrated if, for example, the abolition of three vocational training positions required the dismissal of three teachers of romance languages, or vice versa, simply because they happened to have been the last three persons employed.
*734 We have previously made clear that it is beyond the power of a school board to surrender through collective bargaining a responsibility vested in the board in the interest of maintaining adequate standards in the classrooms as, for example, the granting or withholding of tenure (Matter of Cohoes City-School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 778). A fortiori, an express statutory direction related to maintenance of standards, such as subdivision 2 of section 2510, may not be the subject of arbitration (cf. Matter of Candor Cent. School Dist. [Candor Teachers Assn.], 42 NY2d 266). Matter of Feinerman v Board of Coop. Educational Servs. (48 NY2d 491) is not to the contrary, for the effect upon educational standards in the instant case is greater and more direct than was the exclusion from the educational system of the individual teacher, who had agreed to such exclusion, that was approved in Feinerman.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, with costs to appellants, in accordance with the memorandum herein and, as so modified, affirmed.