■ SWEET HOME CENTRAL SCHOOL DISTRICT, Appellant, v SWEET HOME EDUCATION ASSOCIATION, Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The petitioner, school district, appeals from an order confirming an arbitration award rendered in favor of Michael Solomon, a member of the respondent teachers' association. The school district involuntarily transferred Solomon from a senior high school where he taught music classes and conducted the concert band. Involuntary transfers are authorized by the collective bargaining agreement between the school district and the teachers' association, which provides that teachers are to be informed of the reasons for the transfer and "[a]ll current openings appropriate to the qualifications of the teacher will be discussed with him, and the teacher will be given an opportunity to select among them. To the greatest extent possible, the wishes of the individual involved will be taken into consideration." The arbitrator found that the district had the right to replace Solomon as concert band director, but it violated the bargaining agreement in assigning him to a position of elementary music teacher without reviewing with him his right to select among other available music teacher positions. In his award in favor of the teacher, the arbitrator directed that the district review with Solomon all music teacher positions appropriate to his qualifications and give him the opportunity to select among them. He further directed that if Solomon should choose to return to the position of concert band director, he should be permitted to do so and the school should develop a program, with outside assistance, "to assure a smooth functioning" of the concert band. The order should be modified by vacating that part of the arbitrator's award that allows the teacher to resume the position of concert band director. The authority to assign and reassign teachers is essential to maintaining adequate standards in the classroom and is a nondelegable responsibility imposed upon the school superintendent subject to the approval of the board of education (Education Law, § 1711, subd 5, par e). Public policy prevents a school district from bargaining away this responsibility (see *Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ.*

*Assn.*, 49 NY2d 732; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; cf. *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266). The arbitrator, therefore, had no power to direct the board to retain the grievant in his assignment as concert band director. The board, however, by agreement, may establish procedural rules regulating the right to reassign teachers and the enforcement of these rules is a proper subject of arbitration (*Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, *supra*). The agreement between the district and the teachers' union establishes such rules. The arbitrator, therefore, acted within his powers under the agreement when he directed the district to follow the procedural rules by reviewing with the grievant all open music teacher positions appropriate to his qualifications and giving him the opportunity to select among them. So the grievant may have a reasonable time to make his selection, he should be permitted to select from music teacher positions that become open for assignment for either term of the 1982-1983 school year and for the fall term of the 1983-1984 school year. (Appeal from order of Supreme Court, Erie County, Mintz, J. — vacate arbitrator's award.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.