■ In the Matter of the Arbitration between SOUTH COUNTRY CENTRAL SCHOOL DISTRICT, Respondent, and LAWRENCE PAUL et al., Appellants. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated May 4, 1983, which granted the application. ¶ Judgment reversed, on the law, with costs, application denied, and the parties are directed to proceed to arbitration

forthwith. ¶ Appellant Paul is a teacher who was denied appointment to the position of department chairperson by petitioner. Paul and Bellport Teacher's Association demanded arbitration, claiming that petitioner had violated article XVII of the collective bargaining agreement by "arbitrarily" denying Paul the appointment. Article XVII sets forth the procedures concerning appointment to vacancies and promotions. ¶ Arbitration of petitioner's substantive decision to appoint another qualified applicant clearly would violate public policy by permitting the arbitrator to assume the school board's nondelegable duty to appoint qualified personnel (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; *Matter of Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.*, 90 AD2d 683, affd 58 NY2d 912). A claim concerning petitioner's failure to comply with the agreement's prescribed procedures attendant to new appointments does present an arbitrable issue, however, assuming the agreement refers such disputes to arbitration (see *Board of Educ. v Barni*, 51 NY2d 894; *Matter of Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., supra*). ¶ On this record, it is impossible to determine the precise nature of appellants' challenge. At Special Term, however, petitioner only claimed that the collective bargaining agreement does not provide for arbitration of this dispute, and did not contend that arbitration would violate public policy. ¶ The collective bargaining agreement at bar provides for arbitration of any "grievance". A grievance is defined as "any dispute between the parties hereto with respect to the meaning or interpretation of any provision of this agreement [with the exception of] denial of tenure". ¶ The question of petitioner's compliance with article XVII's guidelines clearly falls within this broad definition of grievance. Therefore, although the ultimate remedy sought by appellants, to wit, reappointment, is beyond the scope of the arbitrator's power that should not preclude review of the procedures employed by petitioner (see *Matter of Nyack Bd. of Educ. [Nyack Teachers Assn.]*, 84 AD2d 580, affd 55 NY2d 959). Appellants are entitled to arbitration on the issue of whether the proper procedures were followed. Therefore, Special Term's judgment should be reversed, and the matter should proceed to arbitration. Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.