■ In the Matter of MONROE-WOODBURY CENTRAL SCHOOL DISTRICT, Respondent, v MONROE-WOODBURY TEACHERS ASSOCIATION et al., Appellants. — In a proceeding to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Orange County (Slifkin, J.), dated October 18, 1983, which granted the application.

Judgment affirmed, with costs.

Public policy prohibits school districts from bargaining away their responsibility to maintain adequate standards in the classroom, notwithstanding that they may collectively bargain and agree to procedural steps preliminary to any decisions affecting standards (see *Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.*, 49 NY2d 732; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774). The authority to transfer teachers "is essential to maintaining adequate

standards in the classroom and is a nondelegable responsibility" (*Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.,* 90 AD2d 683, affd 58 NY2d 912, 914, for the reasons stated in the mem at App Div). Accordingly, the arbitrator herein did not have the power to order the petitioner school district to return a member of the appellant teachers' association to her former position from which she was involuntarily transferred, based upon a collective bargaining agreement. The arbitrator's award was based upon substantive, not procedural grounds, which impacted upon the maintenance of standards and accordingly Special Term properly vacated the award (see *Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., supra; cf. Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411). Although circumstances may arise in which a transfer is instituted for reasons which do not affect standards (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 746), such circumstances are not presented here. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.