■ DUTCHESS COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent, v DUTCHESS COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES FACULTY ASSOCIATION, Appellant. — In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered February 21, 1984, which granted the petition.

Judgment reversed, on the law, without cost or disbursements, and proceeding dismissed. The matter shall proceed to arbitration forthwith.

Guiseppe Caruso, a teacher of special education, applied for reassignment to the position of consultant/trainer specialist or program placement specialist for the handicapped. The petitioner Dutchess County Board of Cooperative Educational Services denial of his request led to a demand for arbitration under the collective bargaining contract. The board then instituted the instant proceeding to stay arbitration.

Special Term granted the petition, on the ground that "public policy requires that the arbitration in this matter be stayed when the sole object of the arbitration is to effect a specific teacher assignment" (citing *Matter of Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.*, 90 AD2d 683, *affd* 58 NY2d 912).

We note that the grievance in issue relates to article IV, sections G ("Voluntary Transfers") and J ("Employment Opportunities Within the BOCES") of the collective bargaining agreement and the contract provisions pertaining to those subjects.

In *Matter of Sweet Home Cent. School Dist.* (*supra*) the Fourth Department set forth two basic rules pertaining to the reassignment of teachers.

The first was (pp 683-684): "The authority to assign and reassign teachers is essential to maintaining adequate standards in the classroom and is a nondelegable responsibility imposed upon the school superintendent subject to the approval of the board of education (Education Law, § 1711, subd 5, par e). Public policy prevents a school district from bargaining away this responsibility (*see, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.*, 49 NY2d 732; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; cf. *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266). The arbitrator, therefore, had no power to direct the board to retain the grievant in his assignment as concert band director."

The second was (p 684): "The board, however, by agreement, may establish procedural rules regulating the right to reassign

teachers and the enforcement of these rules is a proper subject of arbitration (*Matter of Candor Cent. School Dist.* [*Candor Teachers Assn.*], *supra*). The agreement between the district and the teachers' union establishes such rules. The arbitrator, therefore, acted within his powers under the agreement when he directed the district to follow the procedural rules by reviewing with the grievant all open music teacher positions appropriate to his qualifications and giving him the opportunity to select among them. So the grievant may have a reasonable time to make his selection, he should be permitted to select from music teacher positions that become open for assignment for either term of the 1982-1983 school year and for the fall term of the 1983-1984 school year."

At bar, the petitioner board and the trial court have adopted a narrow view of the grievance and the relief requested, concluding that the arbitration should be stayed under the first principle set forth above in *Sweet Home*. However, a view of the grievance in the context of the contract provisions herein at issue requires that the matter be allowed to proceed to arbitration at this time, subject to appropriate judicial action on the motion to confirm or vacate should the arbitrator's award impinge upon the board's nondelegable duties (*see, Matter of Board of Educ.* [*Connetquot Teachers' Assn.*], 60 NY2d 840; *Matter of Port Washington Union Free School Dist. v Port Washington Teachers' Assn.*, 45 NY2d 411; *Matter of BOCES v BOCES II Teachers' Assn.*, 111 AD2d 168).

As succinctly set forth by the Court of Appeals in *Matter of Port Washington Union Free School Dist. v Port Washington Teachers' Assn.*, (*supra*, p 419): "Far from interfering with matters of educational policy, appropriate enforcement of the advisory procedures to which the school district committed itself in both of the cases now before us may well signal instead the advancement of these goals and at the very least the resolution of pending controversies in the forum agreed upon by the parties. Should the arbitrator's exercise of remedial discretion end in perceived policy conflicts, review by the courts will not have to rest on speculation or assumption."

Accordingly, the judgment appealed from must be reversed and the proceeding to stay arbitration dismissed. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.