OPINION OF THE COURT
Jack J. Cannavo, J.
The Three Village Teachers’ Association has petitioned for confirmation of an arbitrator’s award dated August 15, 1984.
The petitioner, Three Village Teachers’ Association, and the respondent, Three Village Central School District, entered into a written collective bargaining agreement in 1983. The parties agreed to submit to arbitration controversies between *921 the Association and the District and to accept the arbitrator’s judgment as binding.
The petitioner served a demand for arbitration on behalf of Darlene Woodward, an excessed teacher on February 6, 1984. On August 15, 1984, the arbitrator issued an award holding that the District violated the contract when it continued Ms. Louisa Chu in the kindergarten teaching position rather than recalling the most senior excessed elementary teacher in the middle of the term when the position became vacant. In 1985, the Association filed a petition pursuant to CPLR 7510 to confirm the arbitration award. The District has opposed the petitioner’s motion to confirm, and it seeks to vacate the arbitrator’s award on the grounds that (1) it contravenes public policy, (2) it exceeds the express contractual limitatious of the arbitrator’s authority, and (3) it is an irrational award.
At the beginning of the 1983 school year, the District recalled Ruth Kofsky from its excess list to fill a vacancy in a kindergarten class. Ms. Kofsky requested maternity disability leave which was granted. The District then offered a building substitute position to Darlene Woodward, the teacher with the highest seniority on the excess list. Ms. Woodward and two other teachers immediately below her on the seniority list refused the building substitute position for the kindergarten class. Ms. Louisa Chu accepted the position. On October 24, 1983, Ms. Kofsky requested child care leave for the remainder of the school year. The School District granted her request and appointed Louisa Chu as permanent substitute teacher for the kindergarten class. The petitioner then proceeded to utilize the contractual grievance procedure to obtain review of the School District’s decision. The parties have now reached the stage of judicial review.
Judicial review of an arbitration award is extremely limited. CPLR 7511 (b) (1) will permit the court to vacate an award only under certain circumstances. The respondent alleges that the "arbitrator * * * exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made” (CPLR 7511 [b] [1] [iii]). The arbitrator’s award would be vacated if it is contrary to public policy, the arbitrator exceeded her authority or the award is irrational. The petitioner however argues that the award should be confirmed.
The collective bargaining agreement does not provide for rehiring excessed teachers on a seniority basis for permanent *922 substitute positions. Indeed, an arbitration between the parties in 1982 (hereinafter called Baldino) held that although the District had a general policy to recall excess teachers for permanent substitute positions on the basis of seniority, the District could deviate from the strict rehiring on the basis of seniority if the rationale behind the decision had a reasonable basis. Palpably, the decision of the arbitrator which is being reviewed by this court accepted the Baldino decision and attempted to apply it to this case. The arbitrator found that although Ms. Chu had the most kindergarten experience of the senior excessed teachers, the most important consideration for the District in appointing her a permanent substitute was her ability to provide continuity of the learning experience. While the arbitrator recognized the importance of continuity, especially in kindergarten, she held that this was not a bona fide educational reason for the District to appoint Ms. Chu.
The contract herein limits the authority of the arbitrator with regard to any matter "involving Board discretion.” Article II-D, section 4 of the contract states, "the arbitrator shall * * * be without power or authority to make any recommendations * * * involving Board discretion * * * except that he/ she may decide in a particular case that Board policy was disregarded or that its attempted application under any term of this agreement was so discriminating, arbitrary or capricious as to constitute an abuse of discretion.”
It is not the function of the court to substitute its judgment for that of the arbitrator (see, Matter of Silverman [Benmor Coats], 61 NY2d 299). The decision of the arbitrator was not irrational (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578) since the arbitrator had the authority to review a decision involving Board discretion or Board policy if the decision of the Board resulted in an abuse of discretion. After a review of the evidence, the arbitrator found that the District showed no reason for deviating from seniority rehiring. This finding was not so "completely irrational” as to warrant vacatur on this ground (Board of Educ. v Three Vil. Teachers’ Assn., 81 AD2d 820).
Public policy prevents a school district from delegating responsibility to assign teachers under Education Law § 1711 (Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., 58 NY2d 912; Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., 105 AD2d 786). However, districts "may collectively bargain and agree to procedural steps preliminary to any decisions affecting standards” (Matter *923 of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., supra, at p 786). In Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., the Appellate Division, Second Department, citing Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., stated that the authority to transfer teachers is a nondelegable duty essential to maintaining educational standards in schools, and, as such, generally an improper subject for arbitration.
The arbitrator herein based her decision on substantive grounds not procedural grounds in holding that the Board lacked a compelling reason to continue the employment of Ms. Chu. Substantive issues concern the maintenance of standards in the classroom (Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., supra). Issues of substance which are nonarbitrable would involve decisions by the School District which are based on their immediate impact on the students in the classroom and which directly affect the learning process. Procedural issues which are arbitrable may have an indirect affect on the educational process and classroom performance but primarily concern how the School District will act in a matter which will affect classroom performance, not why the School District will act in a situation. Procedural matters concern the maintenance of seniority lists, notice requirements, and times for teachers’ evaluations (Matter of Broadalbin Teachers Assn. [Broadalbin Cent. School Dist], 97 AD2d 672).
The arbitrator found no fault with the decision-making process of the District since the District followed the procedural outlines of Baldino. She based her upholding of the petitioner’s grievance upon the ground that the District had no bona fide educational reason for its failure to rehire Ms. Woodward. A finding that continuity of the learning experience for a kindergarten class is a reason to continue the employment of Ms. Chu deals directly with the learning process taking place in the classroom. Continuity of learning experience is a substantive matter affecting educational excellence and educational standards. An arbitrator may not substitute her judgment on substantive educational matters for that of the School District (Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., supra, at p 787).
An arbitrator dealing with issues concerning school district responsibility to maintain adequate standards in the classroom may not infringe on substantive issues without *924 violating public policy. Since the award of the arbitrator herein contravenes public policy because continuity of education is a substantive issue, the decision will be ordered vacated.