OPINION OF THE COURT
Myron E. Tillman, J.
The Brighton Central School District petitioned this court pursuant to CPLR 7511 to vacate an arbitration award resolving a dispute between the parties arising out of their collective bargaining agreement in effect July 1, 1983 through June 30, 1985. The arbitrator’s decision dated November 8, 1985, *715 overruled the district’s selection of a teacher to fill a position and appointed another in her place. The arbitrator determined that the district’s assignment violated article 44 of their agreement. Paraphrasing the provision somewhat, it requires that teacher transfers be given to the teacher with the greatest length of service in the district who volunteers for the transfer unless, in the judgment of the administration, there is a "clear professional reason to prefer a teacher with less seniority”.
Two teachers applied for an open position in the Brighton High School art department which was posted on May 24, 1984. The position was restricted to teachers in the district. Claire Tyser, an art teacher with 17 years of experience in the district, applied for the position as did Tracey Maloney, who had only 2V% years of such experience. Petitioner chose Maloney, even though she had less seniority. Two memorandums are relied on by the petitioner as containing the reasons for its decision. A memorandum from the district’s director of instruction to Tyser gave three reasons for the decision, one of which was that Maloney had more experience than Tyser in certain areas of art that would be emphasized in the high school courses. Another memorandum from the district’s director of art predated the posting of the position. He gave numerous reasons for his opinion that Maloney, rather than Tyser, should be given the assignment.
A grievance was filed by respondent on behalf of Tyser which proceeded to arbitration and resulted in the award now under scrutiny. The arbitrator justified his decision by ruling that the district did not have a "clear professional reason” for passing the grievant’s seniority. He disregarded the reasons and conclusion of the art director because it preceded the posting of the position. The arbitrator held that the reasons expressed by the director of instruction did not constitute "a clear professional reason” to overcome the preference afforded seniority. He directed that Tyser be given the high school teaching position for the 1986-1987 school year.
Petitioner maintains that the arbitration award is contrary to public policy in that arbitrators are prohibited from impinging upon the substantive decision of school districts with reference to teacher assignments.
Judicial review of arbitration awards must be exercised with extreme circumspection. A court "may interfere only when the subject matter of the dispute does not fall within the *716 terms of the arbitration clause in the contract or when the arbitration contravenes a strong public policy (Mineola Union Free School Dist v Mineola Teachers Assn., 46 NY2d 568).” (Matter of Board of Educ. v Auburn Teachers Assn., 115 AD2d 296, 297.)
Here, the arbitration award does conflict with established public policy which holds that a school district may not bargain away any of its decision-making responsibilities which are concerned with the maintenance of classroom standards (Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn., 49 NY2d 732). An example of an express statutory duty relating to the maintenance of classroom standards is that imposed on school superintendents by Education Law § 1711 (5) (e) to transfer and assign teachers (Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., 90 AD2d 683, affd 58 NY2d 912). Consequently, public policy prohibits an arbitrator from assuming this nondelegable duty by substituting his judgment for that of a school district when it comes to the substantive decision of classroom assignment (Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., supra; Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., 105 AD2d 786; Matter of South Country Cent. School Dist. [Paul], 103 AD2d 780). In this instance the arbitrator usurped an inalienable responsibility belonging to the district by substituting his judgment on the question of a teaching assignment for that of the district.
Arbitrators may determine whether procedural rules in a collective bargaining agreement regulating a school district’s right to transfer and assign teachers have been adhered to (Board of Educ. v Barni, 51 NY2d 894). However, a determination by the arbitrator that a procedural requirement was breached does not vest him with the authority to make an appointment (Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn., supra; Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., supra). Arbitrators cannot substitute their judgment for that of experienced school administrators and decide which teacher among a field of applicants is best qualified for a position.
This arbitration award was not premised on procedural grounds. True, the arbitrator found the district’s procedure to have been a sham, yet nowhere does he refer to any specific procedural rule not fulfilled by the process. In his own words, the main question for his determination "whether 'a clear professional reason’ existed for not giving the most senior *717 person preference.” However, of necessity, this involved review of the district’s substantive reasons for assigning a particular teacher, something public policy clearly prohibited him from doing.
"Arbitration of petitioner’s substantive decision to appoint another qualified applicant clearly would violate public policy by permitting the arbitrator to assume the school board’s nondelegable duty to appoint qualified personnel” (Matter of South Country Cent. School Dist. [Paul], supra, p 781; see also, Matter of Three Vil. Teachers’ Assn. [Three Vil. Cent. School Dist.] 129 Misc 2d 920).
We also disagree with respondent’s contention that the arbitrator could disregard the substantive reasons of the district and appoint a teacher based on an objective standard such as seniority so long as the teacher selected was qualified for the position. The obligation of maintaining educational standards imposes a duty on a school district to assign the most qualified teacher available to a position and not just a qualified teacher. Students, the consumers of the educational product, and taxpayers, the funders of the school system, are entitled to no less. This decision must be made by their trained representatives and not by an arbitrator.
The Court of Appeals decision in Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn. (45 NY2d 746) is not to the contrary. There the arbitrator applied an objective test to applicants equally qualified for the position of wrestling coach, not a classroom position. In any event, to the extent the Port Washington decision is inconsistent, it was overruled sub silento by the court’s affirmance in Sweet Home.
The substantive reasons for the district’s preference of Maloney over Tyser for the high school teaching position was not an arbitrable matter. The school district owes to their taxpayers and hopefully the student population a duty to appoint the best qualified educator available to fulfill a specific teaching function. This responsibility cannot be delegated or subverted by bargaining agreements, arbitrators or procedural correctness. The principle purpose of these institutions is to provide to the individual children the best opportunity to learn. This absolute obligation is fixed with the district, therefore, the right to exercise discretion for sound substantive reasons must be absolutely fixed with the school district. The district’s application to vacate the award is granted.