◼ In the Matter of DUTCHESS COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent, v HAROLD R. NEWMAN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board, dated December 14, 1984, which, in an improper practice proceeding, dismissed the petitioner's charge that the Dutchess County BOCES Faculty Association, NEA New York (hereinafter the Faculty Association), violated its duty to negotiate in good faith, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered June 12, 1985, which annulled the determination.

Appeal by the Faculty Association dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court *(see,* 22 NYCRR 670.20 [f]).

Judgment reversed, on the law and the facts, without costs or disbursements, determination confirmed and proceeding dismissed on the merits.

The Dutchess County Board of Cooperative Educational Services (hereinafter BOCES) filed an unfair labor practice charge with the New York State Public Employment Rela-

tions Board (hereinafter PERB) against the Faculty Association when the latter insisted upon the inclusion of the following clauses in the parties' present contract, which were part of their prior contract:

"IV. G.6. In the determination of requests for voluntary assignments or transfers, the convenience and wishes of individual teachers will be honored to the extent that they do not conflict with the instructional requirements and the best interests of the school system. If more than one (1) teacher has applied for the same position, the teacher best qualified for that position shall be appointed, and qualifications being substantially equal, seniority in the school system shall usually control * * *

"IV. H.4. In cases where multiple openings are available, teachers shall be given an opportunity to submit to BOCES the order of preference they desire in transfer. Where more than one (1) such teacher applies, those best qualified for a particular position shall receive priority, and qualifications being substantially equal, seniority in the school system shall control."

In the proceeding before PERB, BOCES based its objection to the clauses on its interpretation of *Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.* (90 AD2d 683, *affd* 58 NY2d 912), which it claimed precluded the use of seniority as a basis for teacher assignments. PERB disagreed, finding that so long as the school officials retain control over determining qualifications, seniority could be considered in the assignment of teachers who are equally qualified.

Special Term annulled that determination, stating that seniority could not be substituted for the superintendent's assignment decision, and that the contract provisions in question "would potentially substitute an arbitrator's judgment for that of school officials in determining which teacher was best qualified for an assignment".

We disagree, and find that the PERB determination must be confirmed. While a school board cannot be deprived of its right to determine the qualifications of its teachers, the procedures to be utilized by a board in filling vacancies, which is the issue addressed by the provisions in question, may properly be the subject of collective bargaining.

We have considered the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.