■ In the Matter of THREE VILLAGE TEACHERS' ASSOCIATION, Appellant, v THREE VILLAGE CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, the Three Village Teachers' Association

appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), dated November 20, 1985, which denied the application and vacated the award.

Ordered that the order and judgment is affirmed, with costs.

The parties' collective bargaining agreement provides that the arbitrator is without authority "to make any recommendations * * * involving Board discretion or Board policy * * * except that he/she may decide in a particular case that Board policy was disregarded or that its attempted application * * * was so discriminatory, arbitrary or capricious as to constitute an abuse of discretion". Since the arbitrator found that a past practice, incorporated into the contract, permitted the school district a degree of discretion in deciding whether a senior teacher is sufficiently qualified for a permanent substitute position, she was limited by the collective bargaining agreement to considering whether the school district's decision constituted an arbitrary and capricious abuse of its discretion. The arbitrator thus exceeded her authority under the contract in finding that the school district had not offered a sufficiently "compelling" basis for its hiring decision.

Moreover, we note that the newly enacted statute cited by the appellant, which provides that the powers and duties of superintendents of schools with regard to the transfer of teachers may be modified by a collective bargaining agreement (see, L 1986, ch 843), does not alter the rule that there are certain powers of the school boards which remain nondelegable and nonnegotiable (see, e.g., Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 777-778); it merely provides that the right to transfer teachers is not among those nondelegable powers. The school district's ultimate responsibility to determine the qualifications required and preferred for a particular teaching position (see, Education Law § 2573 [9]), and to determine whether a prospective applicant is possessed of those qualifications is a responsibility of the type that may not be bargained away, as it is central to the maintenance of adequate standards in the classroom (see, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn., 49 NY2d 732, 734). In such matters, only "supplemental procedural steps preliminary to the board's final action" are amenable to collective bargaining (Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra, at 778). Thus Special Term did not err in holding that the arbitrator had interfered with the school district's nondelegable responsibility to determine the requisite job qualifications and to decide which individual best fulfilled those qualifications. Thompson,

J. P., Niehoff, Lawrence and Kunzeman, JJ., concur. *[See,* 129 Misc 2d 920.]