■ In the Matter of the BOARD OF EDUCATION OF YONKERS CITY SCHOOL DISTRICT, Respondent, v YONKERS FEDERATION OF TEACHERS, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 18, 1985, which, *inter alia,* directed that the petitioner Board of Education to cease the operation of combined classes within 30 days, the appeal is from a judgment of the Supreme Court, Westchester County (Benson, J.), dated December 11, 1985, which granted the application.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which vacated so much of the arbitrator's award as held that assignment of elementary classroom teachers in September of 1983 to combination grade classes violated article XXII of a collective bargaining agreement between the parties, and substituting therefor a provision confirming that portion of the award; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the arbitrator to fashion a new remedy pursuant to article XXII of the collective bargaining agreement.

This proceeding arises out of a dispute between the petitioner Board of Education and the respondent teachers' union over the Board's creation in September 1983 of 30 combination grade classes throughout the elementary school system. The union, asserting that the Board's unilateral action violated numerous provisions of the parties' collective bargaining agreement, including article XXII thereof which requires the Board to "consult and negotiate with [the union] prior to making any changes which might normally be classified as being relative to salaries and conditions of employment",

sought arbitration. The arbitrator concluded that the assignment of teachers to these combination classrooms violated article XXII of the agreement and directed the Board to cease the implementation and operation of these classes except in certain special situations. Special Term vacated the arbitrator's award, finding it to be violative of the public policy which imposes upon Boards of Education the nondelegable duty of establishing and maintaining standards in classrooms. We modify.

Special Term correctly stated the general rule that, as a matter of public policy, it is beyond the power of a Board of Education to agree through a collective bargaining agreement to negotiate with regard to its nondelegable responsibility for maintaining standards in the classroom *(see, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,* 49 NY2d 732; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). At bar it is clear that the decision to create these combination classes was one which falls within the realm of the nondelegable responsibility. Nonetheless, it has been recognized that there is no public policy prohibition against an agreement which establishes procedural guidelines regulating the assignment of teachers or other changes in policy, nor against enforcing such procedural guidelines through arbitration *(Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn., supra; Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266). Moreover, the Education Law has recently been amended to confirm the fact that it is not against the public policy of the State for superintendents of schools to enter into collective bargaining agreements which modify their powers and duties with regard to the transfer of teachers (Education Law §§ 1711, 2508, 2566, as amended by L 1986, ch 843).

At bar, the arbitrator's award was predicated upon the Board's failure to comply with article XXII of the collective bargaining agreement which merely established a procedural guideline to be followed prior to effecting any changes related to salaries and conditions of employment. As noted, agreements concerning such procedural guidelines are not violative of public policy and may be enforced through arbitration. However, that portion of the arbitrator's award which directed the combination classes to cease would have a direct significant impact on the education system and involves substantive and not merely procedural issues *(Honeoye Falls-*

*Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn., supra; Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn.,* 105 AD2d 786, *lv denied* 65 NY2d 604). Accordingly, we remit the matter to the arbitrator so he may modify his award so as to compel the petitioners to consult and negotiate with the respondent as to the matters in issue. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.