■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE ARLINGTON CENTRAL SCHOOL DISTRICT, Respondent, and ARLINGTON TEACHERS ASSOCIATION, Appellant.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered April 17, 1989 in Dutchess County, which, *inter alia,* partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

The grievance underlying the arbitration award challenged in this proceeding involves petitioner's decision to change the complement of special education students instructed by two special educators, Eileen Weber and Cheryl Gallager. The arbitrator determined that petitioner had reassigned the teachers within the meaning of article VIII, section K of an agreement between the parties and that petitioner had violated the terms thereof because the reassignments were not unavoidable as the agreement required. The arbitrator directed the reassignment of the two teachers to their previous positions. Petitioner then commenced this proceeding contending that the arbitrator exceeded his authority. Supreme Court concurred, finding that the arbitrator exceeded his authority in his fashioning of a remedy, namely, ordering the reinstatement of the two teachers to their previous positions, and remitted the matter for modification of the award. Supreme Court also held that it was petitioner's nondelegable function to determine the qualifications required and preferred for a particular teaching position, citing to Education Law § 1711 (5) (e) and (6) and § 2573 (9). This appeal by respondent ensued.

Respondent contends that public policy preventing school districts from bargaining away their responsibility to maintain adequate standards in the classroom based upon Education Law § 1711 (5) (e) was impacted by the addition of subdivision (6) to Education Law § 1711, which states that: "Notwithstanding any inconsistent provision of law, the provisions of paragraph e of subdivision five of this section relating to the transfer of teachers may be modified by an agreement

that is collectively negotiated pursuant to the provisions of article fourteen of the civil service law" (Education Law § 1711 [6], as added by L 1986, ch 843, § 2). It is respondent's contention that Education Law § 1711 (6) sweeps away the nondelegable duty of a superintendent or a board of education which can now be modified by agreements negotiated under the Taylor Law (see, Civil Service Law art 14). Respondent urges that a school superintendent is, by statute, the bargaining agent for a school district and, a fortiori, a board of education is bound by the agreements the superintendent negotiates in that capacity. In this case, that would be article VIII, section K of the agreement of the parties which respondent claims is authorized by Education Law § 1711 (6).

The submission of an issue to an arbitrator does not permit the arbitrator to fashion a determination or remedy which is violative of public policy (see, Board of Educ. v Yonkers Fedn. of Teachers, 46 NY2d 727). Here it is conceded that a violation of article VIII, section K of the agreement occurred. The question here then is whether Supreme Court properly held that the award fashioned by the arbitrator was beyond his authority.

There should be an affirmance. The Court of Appeals in Sweet Home Cent. School Dist. v Sweet Home Educ. Assn. (58 NY2d 912) affirmed a decision of the Fourth Department holding that the transfer or reassignment of teachers under Education Law § 1711 (5) (e) is a nondelegable duty of a school superintendent and a board of education which may not be surrendered through the collective bargaining process (see, Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., 90 AD2d 683, affd 58 NY2d 912, supra). They were held to be nonnegotiable and not subject to enforcement through the arbitration process. Though the decision in Sweet Home predated Education Law § 1711 (6), it is to be noted that the statutory provision allows a school superintendent's authority with respect to transfer decisions to be subject to modification through a negotiated agreement. Education Law § 1711 (6) was not intended to affect the power or authority of the public employer, here petitioner, in this regard. This interpretation was followed in Matter of Three Vil. Teachers' Assn. v Three Vil. Cent. School Dist. (128 AD2d 626, lv denied 70 NY2d 608) and Matter of Board of Educ. v Yonkers Fedn. of Teachers (129 AD2d 702, 703). It was alluded to as well by the Court of Appeals in a footnote in Matter of Enlarged City School Dist. (Troy Teachers Assn.) (69 NY2d 905, 907).

We thus hold that the parties here were prohibited by

public policy from bargaining away the discretion vested in petitioner as to teacher qualifications and assignment of positions and that Supreme Court correctly remitted the matter to the arbitrator as the latter had exceeded his authority in fashioning a remedy.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.