■ In the Matter of the Arbitration between CLARKSTOWN CENTRAL SCHOOL DISTRICT, Appellant, and ANTOINETTE CACCIOLA et al., Respondents.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered June 16, 1989 in Rockland County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

This proceeding arises out of a demand for arbitration served on petitioner by respondent Clarkstown Teachers Association (hereinafter CTA) on behalf of respondent Antoinette Cacciola pursuant to a collective bargaining agreement in effect between petitioner and CTA.

Cacciola had been working as a probationary teacher for petitioner when the latter began procedures to deny tenure to her in the fall of 1987. She received a letter from petitioner's Superintendent outlining why she was not being recommended for tenure. Petitioner's Board of Education accepted the Superintendent's recommendation denying tenure to Cacciola and notified her to that effect. Cacciola pursued the grievance procedure spelled out in article XXI of the collective bargaining agreement to reverse the determination. Cacciola alleged in her grievance that petitioner did not conform to the agreement in that it failed to announce a schedule of classroom observations and merely set forth a series of time units, that the evaluation process was alleged to be too general to apprise a teacher of what performance standards he or she must meet and when, that observation reports were not furnished to the teachers as required by the agreement, and that Cacciola was not given a meaningful opportunity to comment on the assessment reports as required.

Cacciola's grievance was denied in stage I of the procedure. In stage II, an informal hearing was held before a panel of representatives of CTA and of petitioner. Cacciola's grievance was also denied at stage II. The panel found no violation of the arbitration agreement; specifically, the panel found that Cacciola failed to prove that she was victimized by a violation of procedures concerning tenure. The panel declined to substitute its judgment for that of the Superintendent's regarding Cacciola's tenure.

Cacciola then implemented stage III of the grievance procedure by requesting CTA's Professional Rights and Responsibilities Committee (hereinafter PR&R) to submit the grievance to arbitration. Such demand was served on petitioner, who then applied to Supreme Court pursuant to CPLR 7503 (b) for a stay of arbitration. Supreme Court denied petitioner's application and this appeal followed.

The demand for arbitration described the nature of the grievance as follows: "The District has improperly used the evaluation procedure * * * in violation of Article IX, Section 1, 2 and 3. REMEDY SOUGHT * * * Cacciola be extended an additional year of probation." Petitioner, in its amended peti-

tion, contended that the dispute was not arbitrable, the demand for arbitration was not timely and that the dispute was not preserved for arbitration because of the failure to present evidence at stage II of the grievance procedure.

In the absence of strong public policy preclusion, or of contractual language which specifically excludes a matter from the arbitration process, grievance matters must be referred to arbitration *(Matter of Board of Educ. v West Babylon Teachers Assn.,* 52 NY2d 1002). This court has recently reaffirmed the proposition that tenure decisions are reserved solely for determination by a board of education as a matter of public policy *(see, Matter of Board of Educ. [Arlington Teachers' Assn.],* 161 AD2d 1104). However, in *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.* (40 NY2d 774) it was held that though tenure decisions are reserved for a board of education, contractual provisions between teachers associations and a school district can provide procedural safeguards concerning the tenure decision without offending public policy *(supra,* at 777-778). Here, petitioner urges that, unlike *Cohoes,* the instant contract does not provide express standards and procedures in the collective bargaining agreement relating to the tenure decision and thus the issue is not arbitrable. We disagree.

Contrary to petitioner's contentions, Cacciola's arbitration demand concerns an alleged violation of procedural evaluation provisions concerning tenure. The collective bargaining agreement contains a broad grievance and arbitration clause. It reads in pertinent part that "[a] grievance is defined as a dispute with respect to the interpretation or application of this agreement or discipline". The arbitration clause of the agreement provides that "[t]he decision of the arbitrator shall be final and binding on a grievance involving the interpretation or application of the specific terms of this agreement". We conclude that since the agreement does not exclude the dispute in issue, the matter must be referred to an arbitrator *(see, Matter of Board of Educ. v Barni,* 49 NY2d 311).

Petitioner's contention that Cacciola's failure to lay bare evidence at stage II of the grievance procedure bars access to arbitration is without merit. We note that CTA was not a party to stage II of the arbitration proceeding. The control at this level was with Cacciola, represented by private counsel. Nonetheless, contrary to petitioner's contention, Cacciola did submit evidence of a violation of the collective bargaining agreement by her explicit reference to numerous violations of article IX, sections (1), (2) and (3). In any event, the issue of

whether there was a failure to fulfill procedural requirements of the grievance procedure is for resolution by the arbitrator and not the courts *(see, Matter of Board of Educ. [Newburgh Teachers Assn.], 58 AD2d 636).* The same applies to the question of timeliness in invoking arbitration *(see, e.g., Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8).*

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.