OPINION OF THE COURT
Donald G. Purple, Jr., J.
Petitioner has brought this application to stay arbitration of a grievance filed by respondent on behalf of Michael Warren. The grievance involves petitioner’s decision to transfer Mr. Warren, an automobile mechanics teacher, from one education center to another within the BOCES district. Respondent has alleged that this transfer violates articles V and XXI of the parties’ collective bargaining agreement in that the decision to transfer was arbitrary and capricious and made in reprisal of Warren’s union activities.
It is clear that, at this stage of the proceedings, the court’s review is limited to two issues: first, whether arbitration of this dispute violates the Taylor Law and public policy; and, second, whether this dispute is one which the parties agreed to arbitrate. (Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.], 42 NY2d 509.)
Prior to 1986, the substantive decision to transfer teachers was clearly a nondelegable power which was given to superintendents of schools and which could not be the subject of collective bargaining. (Sweet Home Cent. School Dist. v Sweet Home Educ. Assn., 90 AD2d 683, affd 58 NY2d 912.) In response to the Sweet Home decision, the New York State Legislature enacted chapter 843 of the Laws of 1986 and amended three sections of the Education Law to permit collective bargaining of teacher transfer decisions. This law stated that the power to transfer given to superintendents of union free school districts, central school districts and city school districts may be modified by an agreement that is collectively negotiated. These statutory amendments did not specifically refer to the powers given superintendents of boards of cooperative educational services (hereinafter BOCES).
Petitioner argues that, absent a specific statutory amendment for BOCES superintendents, the public policy enunciated in the Sweet Home decision (supra) applies and prohibits arbitration of teacher transfer decisions. While this conclusion has support as a general principle of statutory construction (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 240), it is not supported in this situation.
Chapter 843 of the Laws of 1986 amended three sections of *416 the Education Law (§§ 1711, 2508, 2566). These sections listed the powers of school superintendents in three types of school districts. Prior to the amendment these three sections of the Education Law specifically gave the superintendents of these three types of school districts the power to transfer teachers from one school to another. The powers of the district superintendent of a BOCES are contained in Education Law § 2215. This section does not specifically grant a BOCES district superintendent the power to transfer teachers. Nevertheless, a district superintendent’s power to transfer teachers has been, at least implicitly, recognized by courts in applying the Sweet Home decision (supra) to BOCES. (See, Matter of Dutchess County Bd. of Coop. Educ. Servs. v Newman, 122 AD2d 845.) Because there is no specific statutory mandate restricting the power to transfer to the district superintendent or his board, it would appear that a statutorily created exception to that power need not be created by the Legislature.
In enacting chapter 843 of the Laws of 1986, the Legislature declared a new public policy to allow modification of a school superintendent’s powers regarding teacher transfer by negotiated agreements. (L 1986, ch 843, § 1.) While it did not specifically include district superintendents of BOCES, the Legislature did reject the public policy previously enunciated in the Sweet Home decision (supra). Petitioner has given no rationale to support a distinction in public policy for the powers given BOCES superintendents as opposed to other school superintendents. Absent some rationale to support this distinction, common sense would support a consistent application of the public policy declared by the Legislature in chapter 843 of the Laws of 1986. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 96.) Therefore, public policy does not prohibit arbitration of respondent’s grievance.
The court must next determine whether the parties’ collective bargaining agreement provides for arbitration of this grievance. Respondent urges an expansive reading of article XII’s arbitration clause so as to put this issue before the arbitrator to decide. While the court recognizes that the contract’s definition of a grievance is a broad one, it still limits its application to "the terms of the contract”. (Contra, Matter of Board of Educ. v Watertown Educ. Assn., 74 NY2d 912.)
In this case, the parties’ collective bargaining agreement contained only the following limitation on the district superintendent’s power to transfer a teacher: "Each teacher will be *417 provided notice of impending transfer of program or classroom location by May 15th, if known by the Administration. If a transfer is made subsequent to May 15th, the teacher affected shall be notified in writing of any such transfer as soon as the same if [sic] known by the Administration.” (Art V [c].)
In his notice of intent to arbitrate, respondent has not objected to the timeliness of the notice given to the grievant. Rather, respondent has attacked the basis upon which the decision to transfer was made. The collective bargaining agreement does not contain any modification of the superintendent’s power to make the transfer decision. In article XXV of the collective bargaining agreement the parties have stated that "all requested negotiable items have been discussed”. This agreement was dated February 9, 1988, and covered the period commencing July 1, 1988, through June 30, 1990. As the agreement was negotiated after the Legislature adopted chapter 843 of the Laws of 1986, it must be assumed that the parties chose not to modify the BOCES superintendent’s decision-making power in the teacher transfer area.
Respondent has argued that the teacher transfer issue is a mandatory term and condition of employment which is subject to negotiation and arbitration under the memo of understanding clause of article XXV. This court is unwilling to read the public policy as embodied in chapter 843 of the Laws of 1986 as expansively as respondent requests. The Legislature indicated that a school superintendent’s power to transfer a teacher "may be modified” by a collective bargaining agreement. (L 1986, ch 843, §§ 2, 3, 4.) This language is permissive, not mandatory and there is no other evidence to support a finding that the Legislature intended the teacher transfer decision to be a mandatory subject of collective bargaining. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 177.) Therefore, absent a term in the collective bargaining agreement modifying the superintendent’s substantive decision-making power on teacher transfers, that portion of the respondent’s grievance alleging petitioner’s violation of the teacher assignment and transfer provisions of the collective bargaining agreement is not subject to arbitration. A stay as to this issue is granted.
However, respondent has also alleged a violation of article XXI of the collective bargaining agreement. Respondent has alleged that petitioner’s decision to transfer the grievant was not based on reasons affecting teaching standards or class size, but was based upon the grievant’s past union activities. The *418 Court of Appeals has recognized that a superintendent’s power to transfer teachers is absolute "in the absence of contractual provision otherwise or of malice, bad faith, gross error or prejudice”. (Matter of Adlerstein v Board of Educ., 64 NY2d 90, 101.) Given the broad arbitration clause contained in the agreement, the allegation made by respondent raises an issue encompassed by the parties’ agreement to arbitrate. Whether the relief sought by respondent is allowed under the contract is a matter for the arbitrator to decide. (Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348.) Therefore, petitioner’s application for a stay as to this portion of respondent’s grievance is denied.