■ In the Matter of BABYLON UNION FREE SCHOOL DISTRICT, Respondent, v BABYLON TEACHERS ASSOCIATION, Appellant.— In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered June 20, 1989, which granted the application.

Ordered that the judgment is affirmed, with costs.

Prior to the beginning of the 1988-1989 school year, Frank Arena, a sixth-grade teacher at Babylon Memorial Grade School and President of the Babylon Teachers' Association, complained to Marianne McCreery, the school's Principal, regarding the composition of his class. He filed a formal grievance in which he alleged that students were transferred from his classroom without offering him the opportunity for constructive discussion, that this created an unbalanced and inequitable classroom environment, and that this condition endangered and handicapped him in the discharge of his duties. After completing all three stages of the grievance procedure without success, Arena, in his capacity as President of the Teachers' Association, made a demand for arbitration. The School Board then petitioned for a stay of arbitration, which the court granted on the ground, *inter alia,* that the grievance pertained to the School Board's nondelegable public duty to maintain standards in the classroom. Arena appeals in his capacity as the President of the Teachers' Association.

To address a challenge to an arbitration sought pursuant to an agreement subject to the Taylor Law, a court must first consider whether there is a valid agreement to arbitrate the particular dispute *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513). This threshold consideration involves a two pronged analysis. First, it must be determined whether the arbitration of the subject matter of the dispute is authorized by the terms of the Taylor Law; if not, there is no need to continue to the second prong because the dispute is not arbitrable. Second, it must be determined whether the parties agreed by the terms of their agreement to submit the particular dispute to arbitration.

The dispute presented by the Teachers' Association in this case is a matter not within the scope of the Taylor Law. Implicit in Education Law § 1709 (5) and (33), which charge

school boards with the duty to provide for the instruction of pupils in all required subjects and extends the powers reasonably necessary to exercise the superintendence, management, and control of the educational affairs of the district, is a strong public policy creating a nondelegable duty to maintain the standards within the classroom (see, Matter of Board of Educ. v New York State Pub. Employment Relations Bd., 75 NY2d 660, 667-668; Matter of Board of Educ. v Yonkers Fedn. of Teachers, 154 AD2d 210, 213; Matter of Board of Educ. v Yonkers Fedn. of Teachers, 129 AD2d 702, 702-703). Having concluded that the dispute is excluded from arbitration on the foregoing ground, we need not address the issue of whether the agreement provided for arbitration of this dispute. Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.