■ In the Matter of the BOARD OF EDUCATION OF THE GREENBURGH CENTRAL SCHOOL DISTRICT No. 7, Respondent, v GREENBURGH TEACHERS FEDERATION, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the Greenburgh Teachers Federation appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated January 24, 1990, which granted the petition to vacate the arbitration award.

Ordered that the judgment is affirmed, with costs.

Elaine Brownstein, a teacher in the Greenburgh Central School District, was involuntarily reassigned for the 1988-1989 school year from her kindergarten class to a first grade class, even though two less senior teachers remained in charge of kindergarten classes. The applicable collective bargaining agreement provided that teachers could be transferred to different grade levels upon the consideration of six factors, four of which concerned seniority. Pursuant to the collective bargaining agreement, this dispute over the transfer of Ms. Brownstein was submitted to arbitration. The arbitrator found in favor of Ms. Brownstein and directed that she be transferred back to teaching kindergarten the following school year. The petitioner then commenced this CPLR article 75 proceeding to vacate the arbitrator's decision. It argued that the arbitrator's decision was irrational and violated public policy. The court granted the petition and vacated the arbitrator's award.

The 1986 amendment to Education Law § 1711 does not apply to the dispute at bar, since the applicable collective bargaining agreement was entered into by the parties in 1985, before the amendment was adopted *(see,* L 1986, ch 843, § 2). In 1985, public policy prohibited school districts from bargaining away their responsibility to maintain adequate standards in the classroom, notwithstanding that they could collectively bargain for procedural rules regulating the right to reassign teachers *(see, Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.,* 58 NY2d 912). The authority to transfer teachers

"is essential to maintaining adequate standards in the class-room and is a nondelegable responsibility" *(Matter of Monroe-Woodbury Cent. School Dist. v Monroe-Woodbury Teachers Assn.,* 105 AD2d 786, 786-787, quoting from *Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.,* 90 AD2d 683, *affd* 58 NY2d 912, *supra).* The arbitrator's award in this case violates this public policy. The arbitrator stated that only the six factors listed in the transfer provision in the agreement could be taken into account by the petitioner when deciding which teacher to transfer. This restriction impermissibly impacted upon the petitioner's nondelegable responsibility to maintain adequate standards in the classroom. Accordingly, the Supreme Court properly vacated the arbitrator's award. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.