■ In the Matter of County of Westchester, Respondent, v Westchester County Correction Officers Benevolent Association, Inc., et al., Appellants. [702 NYS2d 650] —In a proceeding pursuant to CPLR article 75 to modify an arbitrator's award dated June 11, 1998, the Westchester County Correction Officers Benevolent Association, Inc., and Elsie Vallespi appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered December 9, 1998, which granted the petition and modified the award by striking therefrom the restrictions imposed upon Elsie Vallespi's return to work.

Ordered that the judgment is affirmed, with costs.

The appellant Elsie Vallespi is a correction officer who went on medical disability leave in July 1997 after she alleged that she suffered psychological ramifications as a result of a "verbal assault" from a supervisor. Vallespi returned to her job a few months later. However, on the day that she came back to work,

Vallespi had incidental contact with the same supervisor and, as a result, again went out on an extended disability leave. Finally, in March 1998, a psychiatrist employed by the petitioner County of Westchester examined Vallespi and found that she could return to work "without restriction". As a result of this finding, a hearing was held pursuant to General Municipal Law § 207-c to determine whether Vallespi was entitled to remain on disability leave or was capable of returning to work. At the conclusion of this hearing, the arbitrator determined that Vallepsi could return to work "without restriction [but] provided that she is assigned—to the Women's Unit;—the 3-11 pm shift; and that—[the supervisor] is assigned to another shift or to a different unit; and—for the first 30 days of [Vallespi's] return, [the supervisor] is not to be assigned on overtime more than once to the same shift and unit as [Vallespi]".

Thereafter, the County commenced this CPLR article 75 proceeding to modify the award by striking therefrom the aforementioned conditions. The County argued, *inter alia*, that the arbitrator lacked the authority to direct how and when the County could assign its correction officer personnel. The Supreme Court concluded, *inter alia*, that the conditions imposed by the arbitrator violated a strong public policy.

We agree with the Supreme Court that the conditions imposed upon the County with respect to the placement of Vallespi and her supervisor violated a strong public policy. Such conditions usurped the authority of the Westchester Department of Correction to determine where and when to assign its correction officer personnel (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). Given the nature of that Department's responsibilities, i.e., the management and control of the County's prison population, it would be imprudent to allow a third-party such as an arbitrator to determine the placement of correction officers (*see generally, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo*, 64 NY2d 233, 239-240). Accordingly, the court properly modified the arbitrator's determination by eliminating the conditions imposed with respect to the assignment of Vallespi and the supervisor in question (*see generally, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.*, 49 NY2d 732).

The appellants' remaining contentions are without merit. Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.