In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated March 27, 2012, which denied the petition.
Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.
The petitioner, the Board of Education of the Valhalla Union Free School District (hereinafter the Board), entered into a collective bargaining agreement (hereinafter the CBA) with the respondent Valhalla Teachers Association (hereinafter the VTA). The CBA required, inter alia, that, where a teacher’s position has been “excessed” and another position becomes available, the Board must appoint the teacher whose position was excessed to the available position, if the teacher is certified in the teaching area in the available position. At some point at the end of *621 the 2010/2011 school year, a Spanish language teacher retired, and her position became available. On June 28, 2011, the position was filled. In a July 12, 2011, meeting, the Board “excessed” the position of Lisa Petek, a teacher of English as a second language.
The VTA filed a grievance on behalf of Petek, claiming that Petek, who was certified to teach Spanish and had experience teaching the subject in another school district, should have been appointed to the vacant position. The Superintendent of Schools denied the grievance, which was appealed to the Board. The VTA waived its right to a hearing and demanded arbitration pursuant to the CBA’s grievance procedures. The Board then filed a petition to permanently stay arbitration, asserting that the CBA provision at issue conflicted with public policy and the mandates of the Education Law. The Supreme Court denied the petition.
Unlike general labor disputes in the private sector involving arbitration, the intent to arbitrate of parties to a collective bargaining agreement in the field of public employment may not be presumed (see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513, 514 [1977]). “[I]t must be taken, in the absence of clear, unequivocal agreement to the contrary, that the board of education did not intend to refer differences which might arise to the arbitration forum,” and such reference may not be based on implication (id. at 514). The Court of Appeals has articulated a two-part test to determine whether a dispute is amenable to arbitration: (1) whether anything in a statute, constitution, or public policy prohibits the parties from referring the dispute to arbitration; and (2) whether the language of the CBA indicates a clear agreement between the parties to arbitrate the matter (see id.; see also Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132 [1999]; Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers’ Assn., 77 AD3d 747, 747-748 [2010]).
The Education Law grants discretion to the board of education, upon recommendation of the superintendent of schools, to appoint “qualified” teachers to nontenured teaching positions (see Education Law §§ 3012 [1] [a]; 1709 [16]). Whether a prospective candidate is possessed of qualifications “is a responsibility of the type that may not be bargained away, as it is central to the maintenance of adequate standards in the classroom” (Matter of Three Vil. Teachers’ Assn. v Three Vil. Cent. School Dist., 128 AD2d 626, 627 [1987]).
*622 Here, the Supreme Court erred in concluding that this dispute was subject to arbitration. The CBA provision at issue mandates that the Board appoint a “certified” teacher, whose position has been “excessed,” to a vacant position in the teacher’s area of certification. While certification may be a central qualification, the Board has the discretion, under the Education Law, to prescribe additional qualifications (see Education Law § 2573 [9]). The CBA, in effect, divests the Board of its discretion by mandating automatic appointment of certified teachers without inquiry into any additional qualifications the Board may have prescribed. This discretion may not be bargained away (see Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn., 49 NY2d 732, 734 [1980]; see also Board of Educ., Great Neck Union Free School Dist. v Areman, 41 NY2d 527 [1977]). Accordingly, the Board’s petition for a permanent stay of arbitration should have been granted. Angiolillo, J.P., Dickerson, Austin and Hinds-Radix, JJ., concur.