■ In the Matter of the Arbitration between the CITY OF ONEIDA, Appellant, and ONEIDA CITY UNIT, MADISON COUNTY CHAPTER, CSEA, INC., Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 13, 1979 in Madison County, which, in a proceeding pursuant to CPLR article 75, dismissed petitioner's application to vacate the award of the arbitrator and confirmed the award as made. In early 1978 a vacancy occurred in the position of Deputy City Chamberlain of the City of Oneida (also designated Account Clerk or Account Clerk-Typist) by the retirement of the then holder of that office. Which of two applicants is the proper person to fill the vacancy is the subject of the dispute here on appeal. There is no doubt that the retiree was a member of respondent bargaining unit and that the position itself was in the exempt classification, but was neither managerial nor confidential (see 4 NYCRR 201.10; cf. Civil Service Law, § 214). The collective bargaining agreement then existing between the parties, in section 15, provided: "If a vacancy occurs in a position *filled by an employee in the bargaining unit,* notice of the vacancy shall be delivered to the union President and posted by the department head. Interested employees may apply within seven (7) calendar days of such delivery and posting to the department head in writing for transfer to the vacant position. *When permitted by the Civil Service Law and regulations* the city will fill vacancies on a seniority basis with employees who have applied for the job and who possess the physical qualifications as well as special qualifications and training required by the job." (Emphasis added.) By notice of April 26, 1978 the city posted the vacancy as "Account Clerk-Typist" in the city chamberlain's office. Beverly Gregory, who was also a member of the bargaining unit and an employee of the city's department of public works, applied for the position. On May 5, 1978 Gregory was informed that the position had been filled by the appointment of Mary Du Chene, a city employee who was a nonmember of the bargaining unit and who ranked below Gregory on all eligible lists. A representative of CSEA complained to the city chamberlain about the inadequacy of the original posting, and on May 11, 1978 the city again posted the vacancy for the position; again Gregory applied, and again was informed that Du Chene was appointed. On May 30, 1978 Gregory filed a grievance and the matter proceeded to arbitration. The arbitrator found that the position was covered by the agreement; that the position vacated was the one to be filled, regardless of its designation; that its classification as exempt did not remove it from the provisions of the collective bargaining agreement nor prohibit the application of section 15 of that agreement; and that Gregory possessed the requisite skills for this position and was senior to Du Chene. The award directed the city to appoint Gregory to the position and to compensate her for any loss of earnings suffered by reason of her failure to be appointed.

The city urges that the award, as made, exceeds the arbitrator's authority and violates the public policy manifest in the Civil Service Law. Special Term denied the city's application to vacate the award and confirmed it, finding the arbitrator's determination "reasonable and supported". We agree with the result reached by Special Term. The question of arbitrability in the public sector is subject to a two-tiered analysis. It must first be determined whether there is anything in statute, decisional law or public policy precluding a public employer from agreeing to refer the dispute to arbitration. At the second level, the language of the agreement is to be examined to determine whether the parties' dispute falls clearly and unequivocally within the class of claims agreed to be referred to arbitration. *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509; *Matter of Incorporated Vil. of Malverne [Malverne Police Benevolent Assn.],* 72 AD2d 795.) A public employer is free to negotiate any controversy only in the absence of "plain and clear" prohibitions in statute, controlling decisional law or restrictive public policy *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268, 273). The arbitrator herein was not presented with a field of candidates and required to select the most qualified. If that were so, a serious question of the abrogation of the city's power of appointment would have to be considered in relation to public policy (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 746). Furthermore, the award made here, dealing as it does with a position in the exempt classification, does not contravene the statutory requirements for appointment under subdivision 1 of section 61 and section 65 of the Civil Service Law which govern permanent and provisional civil service appointments, respectively, for filling vacancies in the competitive class (cf. *Matter of Heslin v City of Cohoes,* 74 AD2d 393). Nor has the award been shown to conflict with any rule or regulation of civil service, or with decisional law or with public policy. Section 15 of the agreement seeks to fill a vacancy on the basis of seniority by an employee who possesses the physical and special qualifications and training required for the job. These objectives and criteria further, rather than conflict with, the public interest in obtaining qualified office holders, and can hardly be considered to contravene public policy. The award, therefore, passes the first tier of the test *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra).* As to the test at the second tier level, the award is likewise valid. In essence, the city was merely required to resort to an appointment procedure to which it had agreed in order to fill a vacancy in a position classified exempt. The city fully participated in the arbitration and the award was clearly and unequivocally within the class of claims agreed to be referred to arbitration by the provisions of the agreement itself, and the award was not in excess of the power of the arbitrator. It, therefore, also passes the second test *(Matter of Rockville Centre Teachers Assn. v Board of Educ.,* 48 AD2d 698). In view of these considerations the determination cannot be considered irrational *(Matter of National Cash Register Co. [Wilson],* 8 NY2d 377). Accordingly, the award was properly confirmed by Special Term and the petition to vacate it properly dismissed (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., supra).* The judgment appealed from should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.