■ In the Matter of the Arbitration between ENLARGED CITY SCHOOL DISTRICT OF TROY, Respondent, and TROY TEACHERS ASSOCIATION, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 10, 1979 in Rensselaer County, which granted a motion by petitioner for a stay of arbitration. On May 29, 1979 the Board of Education of petitioner Enlarged City School District of Troy, New York, denied tenure to an end-of-term probationary teacher who had been employed by the district in a unit covered by the collective bargaining agreement between the district and respondent Troy Teachers Association. As a result, the association filed a grievance on behalf of the terminated teacher, and when said grievance was not resolved during the preliminary stage of the grievance procedure under the bargaining agreement, the association served a demand for binding arbitration in accordance with article 3 (subd 4, par c) of the agreement. Responding to this demand, the district commenced the instant proceeding to stay arbitration, and Special Term granted the application for a stay with leave to the association to file an appropriate demand for arbitration.

The association now appeals, but we hold that Special Term's order should be affirmed. In so ruling, we find initially that the association's demand for arbitration is not barred by its failure to comply with subdivision 1 of section 3813 of the Education Law. While that statute provides that a written verified claim against a school district must be presented within three months of its accrual or else it is barred, the provision should be deemed waived and inapplicable in this instance because the collective bargaining agreement between the parties contains detailed procedures for the submission of grievances including a notice provision which is inconsistent with the provisions of the statute *(Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85). As for the actual grant of the motion for a stay, we find that Special Term acted properly and that its ruling should not be disturbed. The association's grievance, as filed, generally asserts that the district violated article 12 of the collective bargaining agreement by its termination of a probationary teacher. Most significantly, however, article 12 contains several provisions relating to teacher evaluation procedures and also one provision which recites that no teacher "will be disciplined * * * or deprived of any professional advantage without just cause". If the subject grievance is centered upon this "just cause" provision, no arbitrable issue is presented in this dispute *(Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266), and the lack of specificity in the wording of the grievance makes it impossible to determine intelligently whether or not the grievance relates to this provision. Under these circumstances, the court properly stayed the requested arbitration with leave to the association to file an appropriate notice of intention to arbitrate which would specify what provision or provisions of the bargining agreement have allegedly been violated in this instance *(Matter of Oneonta City School Dist. [Oneonta Teachers Assn.],* 59 AD2d 797). In conclusion, we note that the association mistakenly relies on *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.* (45 NY2d 411) in arguing this appeal. That decision, which involved the relief requested in arbitration and not the arbitrability of a claimed violation of a bargaining agreement, is not relevant here and plainly does not overrule our decision in *Matter of Oneonta City School Dist. (Oneonta Teachers Assn.) (supra).* Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.