■ In the Matter of the DANSVILLE CENTRAL SCHOOL DISTRICT, Appellant, v DANSVILLE TEACHERS' ASSOCIATION, Respondent. — Order unanimously reversed, without costs, and stay granted in accordance with the following memorandum: Special Term erred in holding that the grievance is subject to

arbitration. The demand for arbitration recited violations only of the sections defining categories of grievance. The association is required to state a substantive violation of the agreement with enough specificity to enable the court to determine the threshold issue of whether it is arbitrable. The stay is therefore granted with leave to the association to file an appropriate notice to arbitrate setting forth those provisions of the bargaining agreement which allegedly have been violated (see *Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 79 AD2d 738, 739; *Matter of Board of Educ. v Palmyra-Macedon Faculty Assn.*, 78 AD2d 765, 766). Special Term correctly held that the failure to claim a grievance under article X-2(A)(1) at the initial stage of the grievance process is a matter of procedural arbitrability for resolution by the arbitrator (see *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8-9). (Appeal from order of Supreme Court, Monroe County, Curran, J. — stay arbitration.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.