In the Matter of the Arbitration between ENLARGED CITY SCHOOL DISTRICT OF TROY, Appellant, and TROY TEACHERS ASSOCIATION, Respondent.

Third Department, May 8, 1986

## APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (E. Michael Ruberti* and *Salvatore D. Ferlazzo* of counsel), for appellant.

*Bernard F. Ashe (Gerard John De Wolf* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J. P.

Petitioner and respondent are parties to a collective bargaining agreement (hereinafter agreement) effective for the 1983 to 1986 school years. Article IX (H) of the agreement provides that: "Instructional duties currently being performed by members and the bargaining unit shall not be performed by anyone outside the unit and such instructional duties in new educational programs established by the District shall be performed only by members of the bargaining unit." In contravention of that provision, petitioner appointed Donald Bassett, a nonmember of the bargaining unit, to the part-time position of head varsity basketball coach for the 1984-1985 basketball season. Two members of the bargaining unit had applied for the position but petitioner determined them to be unqualified.

Respondent filed a grievance alleging that petitioner's appointment of Bassett violated article IX (H) of the agreement and demanded arbitration of the dispute. As a remedy, respondent requested that, *inter alia,* one of the two in-district applicants for the head varsity basketball coach position be appointed. Thereafter, petitioner applied to stay the arbitration on the ground that, *inter alia,* allowing the dispute to proceed to arbitration would violate public policy in that petitioner is required by statute to employ only qualified teachers and such duty cannot be delegated to an arbitrator pursuant to a collective bargaining agreement. Special Term denied petitioner's application and this appeal ensued.

It is well established that "courts can only stay arbitration in the public employment relations field where the agreement to arbitrate expressly excludes the subject matter contested or where an identifiable public policy prohibits arbitration of the

subject matter" *(Belmont Cent. School Dist. v Belmont Teachers Assn.,* 51 AD2d 653, 654; *see, Matter of City of Oneida [Oneida City Unit, Madison County Ch., CSEA],* 78 AD2d 727, 728).* Petitioner asserts that the public policy involved here is a school district's duty to hire only qualified teachers *(see,* Education Law § 1709 [16]; § 2503 [1]; 8 NYCRR 135.4). As petitioner has already determined that the two applicants for the head varsity basketball coach position from within the bargaining unit were unqualified, petitioner contends that allowing this matter to proceed to arbitration would result in a prohibited delegation of petitioner's nondelegable responsibility to appoint qualified persons to teaching positions. We agree.

Enforcing the plain meaning of article IX (H) of the agreement would mean that petitioner would be required to hire only persons within the bargaining unit to fill vacancies. This section makes absolutely no provision for judging the qualifications of applicants for vacant positions and, in effect, precludes petitioner from making a hiring decision based on the applicants' qualifications, as required by Education Law § 2503 (5) and § 2573 (9) and detailed in Education Law § 3001-b (1) and 8 NYCRR 135.4. Such a provision in a collective bargaining agreement is unenforceable since it violates public policy *(see, Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777-778; *Matter of Board of Educ. [McGinnis],* 100 AD2d 330, 333; *Matter of City of Oneida [Oneida City Unit, Madison County Ch., CSEA], supra).* Moreover, the requirement to hire qualified applicants for a varsity coaching position impacts on a school's strong interest in maintaining adequate standards and, accordingly, it may not be the subject of arbitration *(see, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,* 49 NY2d 732; *Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.,* 90 AD2d 683, *affd* 58 NY2d 912).

Respondent attempts to disguise the public policy issue involved here by claiming that it is only seeking a determination that petitioner violated article IX (H) of the agreement. However, by reviewing the relief respondent has requested through arbitration, the public policy issue becomes glaringly clear. Respondent requests that one of the two persons within the bargaining unit who applied for the coaching position be appointed thereto and made whole. The order should, therefore, be reversed and petitioner's application granted.

Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Order reversed, on the law, without costs, application granted and arbitration between the parties stayed.