In the Matter of RIVERHEAD CENTRAL SCHOOL DISTRICT OF THE TOWNS OF RIVERHEAD, SOUTHAMPTON AND BROOKHAVEN, Respondent, v RIVERHEAD CENTRAL FACULTY ASSOCIATION, on Behalf of RICHARD HERZOG, Appellant

Richard Herzog is a tenured physical education teacher who was denied appointment to the position of varsity football coach for the 1986-1987 season after receiving a negative evaluation of his performance for the previous year in his capacity as varsity football coach. Herzog and the Riverhead Central Faculty Association filed a grievance pursuant to the governing collective bargaining agreement which provides for a four-step grievance procedure, and, thereafter, binding arbitration, claiming that the petitioner had violated subdivisions C and F of article VII of the agreement. Article VII (C) sets forth the procedures concerning the manner in which teachers are to be evaluated in their various instructional capacities. Article VII (F) contains a substantive guarantee that, *inter alia,* no teacher is to be deprived of a "professional advantage without just cause". At step two of the grievance procedure, the petitioner was directed to remove the negative evaluation from Herzog's file and to replace it with an evaluation which would allow Herzog a meaningful opportunity to compete with other applicants for the coaching position. Herzog was not

satisfied with the disposition of his grievance and therefore exercised his right under the agreement to proceed through the remaining steps of the grievance procedure and to arbitration. The demand for arbitration specifically alleged a violation of subdivisions (C) and (F) of article VII of the agreement and sought Herzog's reappointment to the post of varsity football coach together with back pay.

We find that arbitration should be permitted to proceed with respect to the grievant's claim arising under article VII (C) of the agreement. The Supreme Court erroneously concluded that because the demand for arbitration did not specify the factual allegations underlying the claimed violation of article VII (C), it could not determine the threshold issue of whether an arbitrable dispute existed. The demand for arbitration, which specifically alleged a violation of article VII (C) of the agreement, was sufficiently specific for the court to determine that an arbitrable dispute existed (see, *Matter of Dansville Cent. School Dist. v Dansville Teachers' Assn.,* 86 AD2d 962; *Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 79 AD2d 738, 739, *lv dismissed* 53 NY2d 609). Therefore, requiring a more specific demand for arbitration before arbitration could proceed was inappropriate.

We reject the petitioner's contention that a stay was nonetheless warranted with respect to the dispute arising under article VII (C) merely because the relief requested, to wit, reappointment, is beyond the arbitrator's powers. The alleged violation of article VII (C), which concerns the procedural steps preliminary to the final decision regarding an appointment, is the proper subject of arbitration *(Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905, 907; *see also, Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778). Although the arbitrator may be barred from directing the reappointment of Mr. Herzog, he has broad power to fashion other relief, and a court, in deciding an application for a stay, should not prematurely assume that the only remedy to be granted is an impermissible one (see, *Board of Educ. v Barni,* 51 NY2d 894, *rearg denied* 52 NY2d 829; *Matter of South Country Cent. School Dist. [Paul],* 103 AD2d 780).

Nor does the fact that the negative evaluation was allegedly removed from Mr. Herzog's file render the grievance under article VII (C) academic. In its papers opposing the application for a stay, the appellant alleged that the second evaluation did not comply with the step two directive. It is well settled that it is not for the courts to determine the merits of an arbitra-

ble dispute *(see, Board of Educ. v Barni, supra,* at 895-896; *see also,* CPLR 7501). The factual question regarding the propriety of the second evaluation is for the arbitrator, as is the matter of whether the grievant is entitled to relief beyond that provided for at step two.

With respect to the grievance arising from the alleged violation of the substantive guarantee contained in article VII (F) that no teacher shall be deprived of a "professional advantage without just cause", recourse to arbitration is precluded as a matter of public policy. The authority to assess the qualifications of teachers for appointment to varsity coaching positions is a nondelegable responsibility of the Board of Education *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 117 AD2d 58, 60, *revd on other grounds* 69 NY2d 905, 906, *supra).* To the extent the "just cause" provision of the agreement may be construed to apply to coaching appointments, it infringes upon the school district's responsibility to determine whether a prospective applicant is possessed of the necessary qualifications *(see, e.g., Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266, 269; *Matter of Enlarged City School Dist. [Troy Teachers Assn.], supra,* at 739). Arbitration of the petitioner's substantive decision to appoint a more qualified applicant would violate public policy by permitting the arbitrator to substitute his subjective determination of the applicant's qualifications for that of the petitioner *(see, Matter of South Country Cent. School Dist. [Paul], supra,* at 781). Accordingly, there is no arbitrable dispute with respect to the alleged violation of article VII (F) of the agreement *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 79 AD2d 738, *supra),* and the granting of that branch of the petition which was for a stay of arbitration with respect to that controversy should be affirmed. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.