■ In the Matter of BOARD OF EDUCATION, BROOKHAVEN-COMSEWOGUE UNION FREE SCHOOL DISTRICT, Appellant, v PORT JEFFERSON STATION TEACHERS' ASSOCIATION, INC., et al., Respondents. [623 NYS2d 286] —In a proceeding pursuant to CPLR 7511, inter alia, to vacate an arbitration award dated June 29, 1992, finding that the petitioner had violated the terms of its collective bargaining agreement with the respondent Port Jefferson Station Teachers' Association, Inc., the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered August 23, 1993, which dismissed the petition and confirmed the award.

Ordered that the judgment is affirmed, with costs.

"Pursuant to CPLR 7511 (b) (1) (iii) and applicable decisional law, it is clear that a party who participates in an arbitration may only seek vacatur of the arbitrator's award on the grounds that 'it is violative of a strong public policy, or is

totally irrational, or exceeds a specifically enumerated limitation on his power' " *(Matter of Board of Educ. v Mt. Sinai Teachers' Assn.,* 139 AD2d 733, 734, quoting *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308).

In the present case, the arbitrator interpreted article XXXIV of the collective bargaining agreement between the petitioner and the respondent Port Jefferson Station Teachers' Association, Inc., to mean that, once a teacher such as the respondent Eleanor Glover is placed on a preferred eligibility list due to the abolition of her teaching position, she is presumptively entitled, in the order of her seniority on the list, to receive the next open teaching position in the school district in the tenure area in which she is certified, unless she is found unqualified for that position by the petitioner. This interpretation of the collective bargaining agreement is entirely rational, and we discern no basis for disturbing it.

Contrary to the petitioner's contention, the arbitrator did not exceed his powers or violate a strong public policy in this case. Indeed, the arbitrator did not determine Glover's qualifications or infringe upon the petitioner's authority to do so *(cf., Matter of Meehan v Nassau Community Coll.,* 152 AD2d 313; *Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526; *Matter of Three Vil. Teachers' Assn. v Three Vil. Cent. School Dist.,* 128 AD2d 626). Rather, the arbitrator determined that the petitioner had produced insufficient evidence to support its contention that it had denied Glover the position to which she had been presumptively entitled because of an alleged lack of qualifications. This determination fully comports with the evidence in the record, including a highly favorable letter of recommendation written on behalf of Glover by the former Assistant Superintendent of the petitioner and a letter of rejection from the petitioner indicating that Glover and other candidates for a teaching position in the district were qualified and that Glover's application would be kept on file for similar positions in the future. Accordingly, the petitioner has failed to demonstrate a basis for vacating the arbitrator's award. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.