■ In the Matter of BOARD OF EDUCATION, BROOKHAVEN-COMSEWOGUE UNION FREE SCHOOL DISTRICT, Appellant, v PORT JEFFERSON STATION TEACHERS' ASSOCIATION et al., Respondents. [642 NYS2d 954] —In a proceeding pursuant to CPLR article 75, the petitioner appeals (1) from an order of the Supreme Court, Suffolk County (Newmark, J.), dated September 26, 1994, which denied its motion to vacate stated portions of an arbitration award dated January 12, 1994, and (2) as limited by its brief, from so much of an order of the same court, dated March 15, 1995, as, upon reargument, adhered to the original determination and confirmed the arbitration award.

. Ordered that the appeal from the order dated September 26, 1994, is dismissed, as that order was superseded by the order dated March 15, 1995, made upon reargument; and it is further,

Ordered that the order dated March 15, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

We disagree with the petitioner's contention that the arbitrator's award violates the public policy of this State because it usurps the power and duty of the district "to determine the number of teachers to be employed in the several departments of instruction in [the] school[s]" (Education Law § 1709 [16]), and "[t]o have in all respects the superintendence, management and control of the educational affairs of the district" (Education Law § 1709 [33]; *see, Matter of DiPiazza v Board of Educ.,* 214 AD2d 729).

At bar, the arbitrator's award does not violate public policy merely because it may have an impact upon the petitioner's determination of the number of teachers to be employed in the several departments of instruction in the schools (*see, Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val.*

*Teachers' Assn.],* 37 NY2d 614). In addition, the award does not violate public policy even though it may have an effect upon the petitioner's management and control of the educational affairs of the district. "Incantations of 'public policy' may not be advanced to overturn every arbitration award that impairs the flexibility of management of a school district. Every collective bargaining agreement involves some relinquishment of educational control by a school district. Only when the award contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility, may it be set aside" (*Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899). A school district's surrender of power granted by statute, or part of it, to the courts or arbitrators in collective bargaining agreements may later prove to be inconvenient or may even disrupt the normal functioning of the school district in some respects, "but it would have been more appropriate if they had recognized this responsibility by asserting their rights at the bargaining table. As it stands, they chose to negotiate the point and agreed to exercise their discretion in a certain manner, or so the arbitrator could find" (*Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 584).

The court did not err in directing the petitioner to award back pay to the excessed teachers who were entitled to recall for the period when the motion to vacate the arbitration award was pending (i.e., March 15, 1994, to September 26, 1994). It is clear from a reading of the arbitration award that the remedy of back pay was intended to place the teachers entitled to recall in the financial position they would have been in had they been recalled. The determination to award back pay cannot be classified as irrational, in excess of the arbitrator's power, or in violation of public policy (*see, Matter of Town of Orangetown [Town of Orangetown Unit Rockland County Local 844],* 96 AD2d 906).

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.