■ In the Matter of MIDDLE COUNTRY TEACHERS ASSOCIA-TION, Respondent, v MIDDLE COUNTRY CENTRAL SCHOOL DIS-

TRICT, Appellant. [647 NYS2d 286] —In a proceeding pursuant to CPLR article 75 to confirm an award of an arbitrator determining that the Middle Country Central School District violated stated sections of a collective bargaining agreement by failing to appoint an excessed teacher to an elementary teaching position, the appeal is from a judgment of the Supreme Court, Suffolk County (Leis, J.), entered August 24, 1995, as amended by order of the same court dated May 22, 1996, which granted the petition and confirmed the award.

Ordered that the judgment, as amended, is affirmed, with costs.

In June 1993 the respondent Middle Country Central School District (hereinafter the District) eliminated the position of John Howell, a high-school technology teacher, and Howell was thereby "excessed" from his employment. In addition to his certification in the technology area, Howell was certified to teach in the elementary area. After he was excessed, Howell applied for an available elementary teaching position in the District. The District interviewed him but, according to the arbitrator's finding, "determined that [Howell] was the weakest qualified applicant", and declined to appoint him to the vacant elementary position.

The petitioner, the Middle Country Teachers Association (hereinafter the MCTA), thereafter instituted this arbitration proceeding on Howell's behalf as provided in the parties' collective bargaining agreement. According to the agreement, the District "has the obligation of reassigning a faculty member whose position may be eliminated to another position in the District, provided that the faculty member is certified to perform same and provided such position is available". The agreement further provides that "[i]f the assignment is to a full-time position in another tenure area, it shall be a probationary appointment". The arbitrator's award ordered, *inter alia,* that Howell be appointed to the elementary teaching position. Since the elementary teaching position is in a different tenure area from Howell's previous position, that appointment was required to be a probationary one in accordance with the terms of the parties' collective bargaining agreement. By judgment entered August 24, 1995, the Supreme Court confirmed the award, and thereafter amended the judgment on stipulation of the parties to correct a typographical error. We affirm the judgment as amended.

"An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter*

*of Board of Educ. v Arlington Teachers Assn.,* 78 NY2d 33, 37). The District contends that the arbitration award violates a strong public policy which gives its Board of Education the non-delegable authority to assess teacher qualifications and make teacher assignments in furtherance of its duty to maintain adequate standards in the classroom. However, the record does not support the District's position.

The courts of this State have consistently maintained that to set aside an arbitration award on public policy grounds, the matter, "almost invariably", must involve "an important constitutional or statutory duty" *(Matter of Board of Educ. v Port Jefferson Sta. Teachers' Assn.,* 227 AD2d 555; *Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899). In this case, no such important constitutional or statutory duty has been contravened by the arbitration award. The District cites Education Law § 1709 (16), which imposes a duty upon it to appoint "qualified teachers", and asserts that this statutory duty is contravened by the arbitration award. However, there is nothing in this record to support the School District's claim that Howell was not qualified for the vacant elementary teaching position. In fact, according to the arbitrator's finding, Howell apparently had been deemed qualified by the District, although he was determined to be the "weakest qualified applicant". The arbitration award therefore does not require the District to appoint an unqualified teacher in contravention of the District's statutory duty *(see,* Education Law § 1709 [16]).

The District further contends that the award contravenes a strong public policy embodied in common-law, rather than statutory, principles. However, the award neither subjectively determined that Howell was the most qualified candidate, nor otherwise infringed upon the District's authority to determine whether Howell was qualified at all *(cf., Matter of Meehan v Nassau Community Coll.,* 152 AD2d 313; *cf., Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526; *cf., Matter of Three Vil. Teachers' Assn. v Three Vil. Cent. School Dist.,* 128 AD2d 626). Rather, the arbitration award gives effect to that provision of the parties' collective bargaining agreement which provides a preference to certified, excessed members of the bargaining unit. Similar provisions have been given effect by the Court of Appeals, as well as this Court *(see, Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 746, 748; *Matter of Board of Educ. v Port Jefferson Sta. Teachers' Assn.,* 212 AD2d 785, 786). The District has failed to sustain the heavy burden

borne by one seeking vacatur of an arbitration award on public policy grounds. Accordingly, the judgment of the Supreme Court, as amended, is affirmed.

The District's remaining contention is without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.