■ In the Matter of JOHN T. MEEHAN, Respondent, v NASSAU COMMUNITY COLLEGE, Appellant. [672 NYS2d 820] —In a

proceeding pursuant to CPLR article 75, *inter alia*, to confirm two arbitration awards dated May 11, 1995, and June 17, 1995, respectively, Nassau Community College appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), entered May 16, 1996, as confirmed the awards.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Public policy may be invoked where the authorities responsible for the administration of a State-financed college surrender, through collective bargaining, their obligation to maintain academic standards (*see, Matter of Board of Educ. v Arlington Teachers Assn.*, 78 NY2d 33, 37; *Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.*, 49 NY2d 732, 734).

Not every instance of arbitration under a collective bargaining agreement that threatens to limit the management prerogatives of a State-financed college is violative of public policy (*see, Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.*, 48 NY2d 669, 670). Here, giving effect to the provision in the parties' collective bargaining agreement which prohibits Nassau Community College (hereinafter the college) from assigning courses in excess of 18 contract hours per academic year to its adjunct faculty did not violate public policy, because it did not interfere with the college's authority to establish the qualifications of its adjunct faculty (*see, e.g., Matter of Middle Country Teachers Assn. v Middle Country Cent. School Dist.*, 231 AD2d 570; *Matter of Board of Educ. v Port Jefferson Sta. Teachers' Assn.*, 212 AD2d 785). Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.