49 N.Y.2d 950 (1980)
In the Matter of Central General Hospital, as Assignee of Karla Brandstetter, Respondent,
v.
Hanover Insurance Company, Appellant.
Court of Appeals of the State of New York.
Submitted March 17, 1980.
Decided April 22, 1980.
Donald F. Ayers and William P. Komar for appellant.
Joseph Henig for respondent.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER, FUCHSBERG and MEYER concur.
*951 MEMORANDUM.
The order of the Appellate Division should be affirmed.
The subject arbitration was instituted to resolve Central General Hospital's claim that appellant Hanover Insurance Company had failed to pay a bill due under the provisions of the automobile no-fault law (Insurance Law, art 18). Hanover asserted that it had in fact remitted the sum, but was unable to produce a canceled check despite being granted what turned out to be a two-month extension after the hearing. Accordingly, the arbitrator found in favor of the hospital and awarded, in addition, an attorney's fee (Insurance Law, § 675, subd 1). A month later, the check was found, and the insurer brought this proceeding in the Supreme Court to vacate the award on the ground of newly discovered evidence. Special Term granted the application, but the Appellate Division reversed and reinstated the award, which, by consent of the hospital, had been reduced to the attorney's fee alone.
The discovery of new evidence is not among the grounds for vacatur of an arbitration award under CPLR 7511 (subd [b]) (see Kwasnik v Willo Packing Co., 61 AD2d 791; Matter of Ganser [New York Tel. Co. of Amer.], 41 AD2d 914, affd 34 N.Y.2d 717; Matter of Mole [Queens Ins. Co.], 14 AD2d 1).
Since the arbitration provided for by the no-fault law in these circumstances is compulsory (Insurance Law, § 675, subd 2), judicial intervention is limited (e.g., Matter of Levine v Zurich Amer. Ins. Co., 49 N.Y.2d 907, 908-909; cf. Mount St. Mary's Hosp. v Catherwood, 26 N.Y.2d 493, 510; Caso v Coffey, 41 N.Y.2d 153, 158). We can perceive no irrationality in an arbitrator's demand that payment be proved by exhibiting a *952 canceled check or in his decision in favor of the hospital when such proof was not presented. Nor is there any question as to the bona fides of the award or any alleged violation of constitutional rights or strong public policy (see Matter of Furstenberg v Aetna Cas. & Sur. Co., 49 N.Y.2d 757, 759).
Order affirmed, with costs, in a memorandum.