■ In the Matter of ELIZABETH PUTTRE, Appellant, v TOWN OF BROOKHAVEN et al., Respondents.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 14, 1986, which held that the Town of Brookhaven was

obligated to give probationary employees five personal leave days pursuant to a collective bargaining agreement, the petitioner appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 28, 1987, which denied her application without prejudice and remitted the matter to the arbitrator for clarification.

Ordered that the order is affirmed, with costs.

The petitioner had previously filed a grievance asserting that the town's policy of requiring newly hired employees to complete their six-month probationary period before being entitled to receive paid personal leave time violated the parties' collective bargaining agreement. The grievance was submitted to arbitration pursuant to the agreement, and the arbitrator concluded that the town's practice was in violation of the agreement and that newly hired employees were entitled to receive personal leave time during their probationary period. The arbitrator then awarded all employees hired after January 1, 1983, and who were denied personal leave time during the year they were hired (i.e., those employees hired during the last six months of any year who could not use personal leave time during that year because their probationary period had not expired) an additional five paid personal leave days. When the respondent Malkmes, Superintendent of Highways of the Town of Brookhaven, refused to follow the award with respect to the employees in the Highway Department, the petitioner commenced this proceeding to confirm the award. The Supreme Court denied the motion without prejudice and remitted the matter to the arbitrator for further clarification of the award.

It appears that at the time of the arbitration proceeding, the parties thereto were unaware that the town's Highway Department had a long-standing practice of providing its employees with five personal leave days which were prorated in the first year of employment. While it is true that the discovery of new evidence is not a ground for vacatur of an arbitration award (Matter of Central Gen. Hosp. v Hanover Ins. Co., 49 NY2d 950), in this case the practice of the Highway Department is not merely new evidence but, more importantly, it is a completely different situation which the arbitrator did not consider.

Furthermore, the award affords employees hired toward the end of a calendar year more leave time than they would have otherwise been able to use during that calendar year. Since, pursuant to the parties' collective bargaining agreement, un-

used personal leave days are carried over to the employee's paid sick time, the award constitutes an unlawful gift of public funds *(see,* NY Const, art VIII, § 1).

Accordingly, the matter was properly remitted to the arbitrator for clarification *(see, Board of Educ. v Farmingdale Fedn. of Teachers,* 92 AD2d 599; *Matter of Eisenstein [Rednick],* 8 AD2d 794). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.