■ ISRAEL DISCOUNT BANK LIMITED, Plaintiff, v EFRAIM ROSEN et al., Defendants. LEO SIEGMAN, Appellant-Respondent, v EFRAIM ROSEN, Respondent-Appellant.—Judgment, Supreme Court, New York County (Eve Preminger, J.), entered on July 24, 1990, which confirmed an arbitrator's award and awarded $334,942.08 to defendant Siegman against defendant Rosen, with interest from March 1, 1990, unanimously modified, on the law, to the extent of granting interest upon the award of

the arbitrators from January 29, 1990, and otherwise affirmed, without costs.

The appeal from the order of the same court entered on July 6, 1990 is dismissed as superseded by the appeal from the final judgment, without costs.

The instant dispute arises from a transaction for the sale of diamonds between Leo Siegman and Efraim Rosen, members of the Diamond Dealers Club (DDC), an organization whose members are in the business of buying and selling precious gems, and whose bylaws require that disputes between the members be submitted to the DDC's arbitration tribunal. At the conclusion of the arbitration hearing, on January 29, 1990, the arbitration panel found in favor of Siegman, and directed Rosen to pay $291,254.68 no later than March 1, 1990. Upon Rosen's failure to pay by such date, Siegman obtained judicial confirmation of the award plus a 15% surcharge for legal costs and interest on the award from March 1, 1990.

Rosen maintains that the award is irrational because it allows Siegman to obtain a double recovery for the same transactions, that the dispute was time barred by the Statute of Limitations, and that the 15% surcharge was improperly imposed. However, since the arbitrators were free to fashion the law to " 'fit the facts before them' ", their award will not be set aside because they erred in determination or application of the law *(Channel Textile Co. v Adams,* 161 AD2d 409). Additionally, the DDC's rules clearly provide for a 15% surcharge when the winning party is forced to resort to judicial process to enforce an award.

We have examined Rosen's remaining contentions and find them to be without merit.

We are in accord that Siegman is entitled to interest from the date of the award, January 29, 1990. CPLR 5002 requires interest to be computed from the "date" of the "decision" until final judgment is entered *(Matter of Kavares [MVAIC],* 29 AD2d 68, *affd sub nom. Matter of McEntee [MVAIC],* 28 NY2d 939). The mere fact that an arbitrator sets forth a time schedule by which a losing party must make full payment does not mean that such award is invalid, void or nonfinal, and no case is cited for such proposition. While DDC's arbitrators indicated that Rosen had until March 1, 1990 to pay the award, the decision was effectively rendered on January 29, 1990 for the purposes of computing interest under CPLR 5002. Furthermore, the real effect of the March 1, 1990 deadline

was to provide Rosen, under the circumstances, with the opportunity to make payment without having to require Siegman to seek judicial relief by way of confirmation, and thus avoid the 15% surcharge required of DDC members. Settle order. Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.