■ In the Matter of JULIUS HECHT et al., Respondents-Appellants, v HARVEY GERTLER et al., Appellants-Respondents, and COMPARATIVE DESIGN, INC., Respondent. [611 NYS2d 286] — In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, (1) Harvey Gertler and Steven Gertler appeal from an order of the Supreme Court, Nassau County (Ain, J.), dated November 18, 1993, which denied their application to vacate a judgment of the same court, dated October 12, 1993, which was entered in favor of Julius Hecht and Bruce Hecht and against them in the amount of $966,559.26; and (2) Julius and Bruce Hecht appeal from an order of the same court, also dated November 18, 1993, which vacated that judgment as against Comparative Design, Inc.

Ordered that the order dated November 18, 1993, which denied the Gertlers' application to vacate the judgment dated October 12, 1993, is modified, on the law and as a matter of discretion, by (1) adding a provision thereto deleting the amounts of $41,607.67 in interest and $187,712.67 in principal and interest contained in paragraph (i) of the judgment and substituting therefor the amounts of $40,529.13 and $186,634.13 respectively, (2) deleting the amount of $569,500 contained in paragraph (iii) of the judgment and substituting therefor the amount of $32,000, and (3) reducing the sum awarded to the Hechts, as contained in paragraph (v) of the judgment, from $966,559.26 to $427,980.72; as so modified, that order is affirmed; and it is further,

Ordered that the order dated November 18, 1993, which vacated the judgment as against Comparative Design, Inc. is affirmed, for the reasons stated by Justice Ain at the Supreme Court; and it is further,

Ordered that Harvey Gertler, Steven Gertler, and Comparative Design, Inc., appearing separately and filing separate briefs, are awarded one bill of costs, payable by Julius Hecht and Bruce Hecht.

The background facts of this case are summarized in the decision and order of this Court dated August 9, 1993 *(see, Matter of Hecht v Gertler,* 196 AD2d 541).

On August 13, 1990, an arbitrator issued an award in favor of the Hechts, which provided, *inter alia:* "4. [The Gertlers] shall pay to [the Hechts] the sum of [$131,625.00], together with interest in the amount of [$14,480.00] no later than [30] days from the date of this AWARD. *If such payment is not made, a penalty of [$500] per day shall accrue until paid"* (emphasis supplied).

By order dated September 18, 1990, the Supreme Court granted the Gertlers a stay of enforcement of the $500 per day "penalty clause", pending the determination of the Hechts' and the Gertlers' respective applications to confirm and vacate the arbitration award, at which time the Gertlers placed into escrow $146,105, the amount due and owed pursuant to "paragraph 4" of the award. By order dated December 31, 1990, the Supreme Court (O'Shaughnessy, J.), vacated the award. Thereupon, the stay of enforcement of the penalty clause was dissolved and the $146,105 in escrow was returned to the Gertlers. The Hechts appealed from that order, and this Court, by decision and order dated August 9, 1993, reversed the order, and reinstated and confirmed the award in the Hechts' favor. After the Gertlers unsuccessfully moved to stay the enforcement of the penalty clause upon payment of $146,105 into this Court, and for reargument, the Hechts obtained a judgment, *inter alia,* for money due and owed pursuant to the penalty clause for the period beginning January 1, 1991, the day after the stay of enforcement of the penalty clause the Gertlers had obtained in September 1990 had dissolved, and ending October 12, 1993, the date of the judgment.

On appeal, the Gertlers contend that the Supreme Court erred in awarding any money to the Hechts pursuant to the penalty clause for the period during which the Hechts' appeal from the Supreme Court's vacatur of the award was pending. More particularly, the Gertlers argue that the Supreme Court should have applied a nunc pro tunc "toll" of the penalty clause during that particular time in light of its previous vacatur of the award on December 31, 1990. We agree with this contention, noting only that the Supreme Court's retroactive application of the penalty clause to January 1, 1991, in effect, unduly penalized the Gertlers for failing to undertake an obligation they were not required to undertake subsequent to the vacatur of the award on December 31, 1990, and prior to this Court's reinstatement and confirmation thereof on

August 9, 1993. Thus, the Gertlers are obligated to the Hechts for money accrued under the penalty clause solely for the period beginning August 9, 1993, and ending October 12, 1993, the date of the judgment.

We also find that the amount of interest awarded with respect to the principal sum of $146,105 contained in paragraph (i) of the judgment was erroneously calculated beginning August 13, 1990, inasmuch as interest is properly owed on this principal sum beginning 30 days after August 13, 1990, pursuant to the terms of the award (see, CPLR 5002; *Matter of Gruberg [Cortell Group],* 143 AD2d 39; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.],* 1 AD2d 659; *cf., Israel Discount Bank v Rosen,* 169 AD2d 650).

Accordingly, we modify the order which denied the Gertlers' application to vacate the judgment as against them to the extent indicated.

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.