■ In the Matter of PAUL HEIFETZ, Appellant. WALKER & ZANGER, INC., et al., Respondents. [644 NYS2d 56] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated September 24, 1993, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered July 7, 1994, which denied the petition and granted the respondents' application to vacate the award.

Ordered that the judgment is affirmed, with costs.

In 1982, the petitioner and the respondents formed a corporation known as H & Z Marbleworks (hereinafter Marbleworks). The shareholders' agreement entered into between the parties provided for the arbitration of any disputes. Pursuant thereto, the petitioner filed a demand for arbitration and the respondents filed a counterclaim. It is undisputed by the parties that all of the petitioner's claims were made on behalf of Marbleworks and were against the respondent Walker & Zanger, Inc. (hereinafter Walker & Zanger), with the exception of the petitioner's personal claim against Marbleworks, which was dismissed. One claim was to recover $245,995 for excessive charges, and demanded repayment by Walker & Zanger to Marbleworks. The other claim was to recover $9,683.39 for legal fees paid by Marbleworks to Walker & Zanger's attorneys, and demanded repayment by Walker & Zanger to Marbleworks.

The arbitrator awarded $122,998 to the petitioner personally, to be paid by Walker & Zanger and its president, the respondent Leon Zanger, who were found to be jointly and severally liable. The arbitrator also awarded $9,683.39 to Marbleworks, to be paid by Zanger, personally.

It is well settled that when a dispute has been arbitrated pursuant to a broad arbitration agreement between the parties, the resulting award may not be vacated unless it is totally irrational, violative of a strong public policy, or clearly exceeds a specifically enumerated limitation of the arbitrator's power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). We agree with the Supreme Court's determination to vacate the arbitration award, because the award was irrational. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.