[675 NYS2d 354]

In the Matter of JOHN T. MEEHAN, Appellant, v NASSAU COMMUNITY COLLEGE, Respondent.

Second Department, June 8, 1998

### APPEARANCES OF COUNSEL

*Pryor, Cashman, Sherman & Flynn,* New York City (*Richard M. Betheil* of counsel), for appellant.

*Ingerman Smith, L. L. P.,* Northport (*John H. Gross* and *Neil M. Block* of counsel), for respondent.

### OPINION OF THE COURT

BRACKEN, J. P.

The appeal is from a judgment entered May 16, 1996, which vacated certain arbitration awards issued in favor of John T. Meehan, as President of the Adjunct Faculty Association of Nassau Community College (hereinafter the union). The arbitration proceedings resulted in awards stating that the respondent Nassau Community College (hereinafter the college) had violated the contractual rights of certain of its employees. The Supreme Court determined that the arbitration awards were based on terms contained in section 11.11 of the governing collective bargaining agreement (hereinafter the agreement) which, the court found "should have been * * * deleted" from the final version of the agreement. For the following reasons, we reverse and grant the union's petition to confirm the awards.

I

In the three awards, dated March 14, 1995, May 17, 1995, and May 25, 1995, the arbitrators determined that the college violated the contractual seniority rights of three adjunct professors based on, *inter alia,* the college's failure to assign those professors to teach certain courses. In seeking to avoid confirmation of the three awards, the college belatedly asserted

that, pursuant to a certain memorandum of agreement, the parties had in fact agreed to delete the text of what is currently section 11.11 from the agreement, and that the inclusion of the provision in the "formal [agreement] constitute[d] [a] mutual mistake and error". The Supreme Court allowed the college to amend its answer to the petition to confirm the awards so as to include an affirmative defense based on the erroneous inclusion of that provision, and, as noted above, vacated the awards to the extent of remitting the matters for new arbitrations.

An arbitration award shall be vacated if the court finds that the rights of a party were prejudiced by either (1) corruption, fraud, or misconduct, (2) the partiality of an arbitrator, or (3) an award which is made in excess of the arbitrator's enumerated powers (see, CPLR 7511 [b] [i]-[iii]). Moreover, an award shall be vacated where it is totally irrational or violative of strong public policy (see, Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit], 70 NY2d 907, 909; Matter of Diaz v Pilgrim State Psychiatric Ctr., 62 NY2d 693, 695; Matter of Heifetz [Walker & Zanger], 227 AD2d 623).

In the present case, the Supreme Court vacated the three arbitration awards at issue here based on the college's claim that the arbitration panels exceeded their authority to the extent that they relied on section 11.11 of the parties' agreement. The college argued that this provision should have been excluded from the final version of the agreement, but was included erroneously because of the parties' mutual mistake.

The college claimed that it had only recently discovered this "mutual mistake", of which the arbitrators had not been aware. However, the governing case law establishes that newly discovered evidence is not a proper basis for vacating an arbitration award (see, Matter of Central Gen. Hosp. v Hanover Ins. Co., 49 NY2d 950, 951; Matter of Mohiuddin v Khan, 197 AD2d 578, 579; Matter of Hirsch Constr. Corp. [Cooper], 181 AD2d 52; Karlan Constr. Co. v Burdick Assocs. Owners Corp., 166 AD2d 416, 417; cf., Matter of Puttre v Town of Brookhaven, 143 AD2d 672).

Here, the arbitration panels based their determinations on the agreement submitted to them, which included section 11.11. Even assuming that the inclusion of this provision in the parties' agreement had been inadvertent, the arbitrators' reliance on it is not the type of mistake contemplated by CPLR 7511. The arbitration panels simply construed the parties' agreement as presented to them. This is more akin to an error

of fact, which will not result in the vacatur of an arbitrator's award (*see, Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629 [an arbitrator's award will not be vacated for error of law and fact committed by the arbitrator]). Accordingly, the Supreme Court erred in granting leave to the college to amend its answer and in vacating the arbitration awards based on the newly discovered evidence raised by the college in the amended pleading.

## II

The college also argues that the awards under review violated public policy. We disagree.

Public authorities responsible for the administration of State-financed schools may not surrender, through collective bargaining, their obligation to maintain academic standards (*see, Matter of Board of Educ. v Arlington Teachers Assn.,* 78 NY2d 33, 37; *Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,* 49 NY2d 732, 734; *Matter of Board of Educ. v Yonkers Fedn. of Teachers,* 154 AD2d 210, 213; *see also,* Education Law § 6306 [2]). Accordingly, arbitration awards will be vacated as violative of public policy where they interfere with a school's authority to grant or withhold tenure (*see, Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778), determine the qualifications required for a particular teaching assignment (*see, Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526; *Matter of Three Vil. Teachers' Assn. v Three Vil. Cent. School Dist.,* 128 AD2d 626, 627), or establish the content and presentation of the curriculum (*see, Matter of Board of Educ. v Yonkers Fedn. of Teachers, supra,* at 213).

In *Matter of Meehan v Nassau Community Coll.* (152 AD2d 313), this Court reviewed an arbitration award which determined that the college had violated the terms of the collective bargaining agreement by refusing to make faculty appointments on the basis of seniority. We held that the award in that case violated public policy because it had the effect of requiring the college to assign courses to instructors even though the instructors did not possess the academic qualifications set by the college. Seniority provisions, however, are not violative of public policy if they do not interfere with a school's nondelegable obligations (*see, Matter of Board of Educ. v Greenburgh Teachers Fedn., Local 1788,* 82 NY2d 771 [provision requiring school to consider seniority in transferring a teacher is not violative of public policy]; *Matter of Board of Educ. v Port Jef-*

*ferson Sta. Teachers' Assn.,* 212 AD2d 785 [provision that a teacher placed on a preferred eligibility list because her position had been abolished is presumptively entitled, by order of seniority and qualifications, to receive the next available teaching position did not violate public policy]).

Pursuant to the agreement under review, the college established the academic qualifications for all of its faculty, including the adjunct faculty, and was responsible for compiling a list of academically qualified adjuncts based on seniority. Only such adjuncts were designated for assignment for courses in which they were qualified to teach, and thus, the college's ability to maintain academic standards was not undermined by the agreement. The arbitration awards, therefore, do not violate public policy. Accordingly, the petition should have been granted to the extent that the three awards under review should have been confirmed.

### III

The petition to confirm the awards also requested certain ancillary relief, and we pause briefly to address those issues as well.

First, the petition requested an award of costs. We speak here of the costs incurred in the court proceedings relating to the awards, as distinguished from those incurred in the course of the arbitrations themselves. A proceeding to confirm an arbitration award is a special proceeding, and statutory court costs are available (*see,* CPLR 103 [b]; 105 [b]; 8101, 8201; *City of Buffalo v Clement Co.,* 28 NY2d 241; *City of Buffalo v Irish Paper Co.,* 31 AD2d 470, 477, *affd* 26 NY2d 869; *Matter of McEntee [MVAIC],* 29 AD2d 68, *affd* 28 NY2d 939; *Matter of Terenzi [Aetna Cas. & Sur. Co.],* 56 Misc 2d 177, 178; Siegel, NY Prac § 414, at 630 [2d ed]; 5 NY Jur 2d, Arbitration and Award, § 223). Of course, the Supreme Court retains the discretion to deny such costs (*see, e.g., Matter of Mossman [MVAIC],* 19 AD2d 842). To the extent that *Matter of Glantz v Nationwide Mut. Ins. Co.* (226 AD2d 638) can be read as holding that such costs are never available, it should not be followed. On remittitur, therefore, the court should consider, in its discretion, the issue of costs in this proceeding.

The petition also requested that interest be awarded on the awards. We agree that the petitioner is entitled to an award of interest in each case. "[U]pon confirmation of an arbitrator's award, interest should be provided from the date of the award" (*Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 46 NY2d

553, 558) or, where an award provides for payment within a certain time period, from the expiration of that period (*see, Matter of Hecht v Gertler,* 204 AD2d 322, 324; *Matter of Gruberg [Cortell Group],* 143 AD2d 39; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.],* 1 AD2d 659). Accordingly, the matter is remitted to the Supreme Court for calculation of the accrued interest on each award.

Finally, the petition requests an award of attorney's fees. The parties' agreement contains no provision allowing for such an award (*see, Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491), and it is therefore unwarranted.

For the foregoing reasons, the judgment appealed from should be reversed, the arbitration awards under review should be confirmed, and the matter should be remitted to Supreme Court for the entry of an appropriate judgment in accordance herewith.

PIZZUTO, FRIEDMANN and McGINITY, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the arbitration awards are confirmed, with interest, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings and the entry of an appropriate judgment in accordance herewith.