██ In the Matter of the Arbitration between NEW YORK STATE CORRECTIONAL OFFICERS & POLICE BENEVOLENT ASSOCIATION, INC., Appellant, and STATE OF NEW YORK, Respondent. [853 NYS2d 430]—

Peters, J.

Petitioner is the collective bargaining representative for 23,000 state employees. With the prior collective bargaining agreement between the parties due to expire on March 31, 2003, they negotiated to reach a new agreement. In May 2004, petitioner declared an impasse and sought the intervention of the Public Employment Relations Board (hereinafter PERB). When those mediative efforts proved unavailing, the matter was referred to a public arbitration panel pursuant to Civil Service Law § 209 (4) (c).

The parties agreed that the arbitration award would cover the four-year period from April 1, 2003 to March 31, 2007. When the panel issued its 95-page opinion and award, numerous changes were made to the terms and conditions of the members' employment, some of which included retroactive and prospective increases in compensation. The award made no provision for interest. The legislation necessary to appropriate the additional compensation and benefits was approved in June 2006 (see L 2006, ch 113). In July 2006, petitioner commenced the instant proceeding, pursuant to CPLR 7510, to confirm the arbitration award and to obtain interest and costs from the date of such award. Supreme Court confirmed the award but denied the request for interest and costs. Petitioner appeals only that part of the judgment which denied its request for interest.

In matters concerning grievance arbitration, interest is earned on monetary damages from the date of the arbitrator's award (see Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn., 46 NY2d 553, 558 [1979]; Matter of Meehan v Nassau Community Coll., 242 AD2d 155, 159-160 [1998], lv dismissed 92 NY2d 946 [1998]). But here, we are concerned with interest arbitration (see Siegel, NY Prac § 586, at 1023 n

25 [4th ed]). This matter differs from grievance arbitration in that the amounts of money awarded are not pursuant to an existing obligation or a breach of a duty. The goal was to resolve an impasse in arbitration to formulate changes in terms and conditions of employment so as to secure a successor agreement with a specific formula to award such future benefits and salary increases. Hence, the award rendered did not warrant an award of interest since another did not enjoy "the cost of having the use of another person's money for a specified period" (*Love v State of New York*, 78 NY2d 540, 544 [1991]). For this reason, Supreme Court properly denied the request for interest.

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.