1564　　

 JOHN A. DI SCIPIO, Appellant, v ANNE Z. SULLIVAN, as Administrator of the Estate of GAIL A. SULLIVAN, Deceased, Respondent. [914 NYS2d 738]—

Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 28, 2009 in Saratoga County, which, among other things, granted defendant's motion to vacate judgments previously filed against her.

Plaintiff and Gail A. Sullivan (hereinafter decedent) entered into a contract for the sale of real property, for which decedent proffered a down payment in the amount of $99,900. Decedent died shortly before the scheduled closing and the transaction was never consummated. Thereafter, this Court affirmed an order of Supreme Court, entered in June 2005, finding that defendant, as administrator of decedent's estate, had breached the contract and plaintiff was entitled to retain the down payment as damages (Di Scipio v Sullivan, 30 AD3d 660 [2006]). In August 2005, plaintiff entered the $99,900 judgment at issue in Saratoga County. Finally, in July 2008, the escrow agent, who was also plaintiff's real estate agent, released the down payment to plaintiff. Thereafter, defendant moved to have the judgments against her vacated, which plaintiff opposed, seeking more than $26,000 from defendant for postjudgment interest alleged to have accrued. Supreme Court granted defendant's motion vacating the judgments and found that plaintiff was not entitled to interest on the $99,900 judgment. Plaintiff now appeals.

We affirm. Under the particular facts of this case, we find that plaintiff was not entitled to interest on the $99,900 judgment. We note that, in the ordinary course, the purpose of an interest award is to indemnify a successful plaintiff for the cost of the defendant having had the use of the plaintiff's money for a specified period (see Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d 21, 27 [2002]; Love v State of New York, 78 NY2d 540, 544 [1991]; Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York], 49 AD3d 1074, 1075 [2008], lv denied 11 NY3d 701 [2008]; Van Nostrand v Froehlich, 44 AD3d 54, 57 [2007], appeal dismissed 10 NY3d 837 [2008]). Here, the amount due

plaintiff was held in escrow by plaintiff's real estate agent and was not available for use by defendant or decedent's estate. Notably, it appears from the record that plaintiff waited until March 2008 to request that the escrow agent release the funds. While the agent initially declined to release the funds due to a dispute regarding outstanding commissions, the funds were released to plaintiff in July 2008 with no further action being needed on the part of defendant. Under these circumstances, we cannot say that Supreme Court erred in holding that defendant was not liable for postjudgment interest on the $99,900 judgment.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.