Matter of Lipson v Herman (2020 NY Slip Op 07281)





Matter of Lipson v Herman


2020 NY Slip Op 07281


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 652405/19 Appeal No. 12559N-12559NA Case No. 2019-01421 

[*1]In the Matter of Ross Lipson, Petitioner-Respondent,
v
Taylor Stuart Herman et al., Respondents-Appellants.


Schiller Law Group, P.C., New York (John V. Golaszewski of counsel), for appellants.
Mark W. Stoutenburg, New York, for respondent.



Orders, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 10 and 18, 2019, which, inter alia, granted the petition to confirm an April 12, 2019 arbitration award in petitioner's favor, unanimously affirmed, without costs.
The court properly granted the petition to confirm the subject arbitration award. Respondents Taylor Stuart Herman (Herman) and Taylor Stuart Herman, Inc. (the company) contend that the arbitrator wrongly determined that the company was nonexistent, and that this determination, in the face of evidence of the existence of the company, provides a basis to vacate the award (see CPLR 7511[b]). However, the argument is based on an incorrect premise, as this is not what the arbitrator held. The arbitrator held that it was "Taylor Stuart, Inc.," and not the [*2]company, that was nonexistent. Taylor Stuart, Inc. was the entity that purported to contract with petitioner in a construction contract, and its nonexistence, in turn, was the basis for the arbitrator's determination that Herman was personally liable for the amounts found owing to petitioner as a result of failures of performance under that contract.
Respondents argue that the real contracting party in the construction contract was the company and cite evidence of its existence. However, since the arbitrator did not address whether the company existed, respondents' arguments in support of its existence are not relevant.
Respondents contend that the use of Taylor Stuart, Inc. in the construction contract was an inadvertent misnomer or scrivener's error. However, they cite to no evidence in support of that claim, and the scrivener himself, company counsel, did not testify at the arbitration. Nor do respondents provide evidence to support their assertion that the company was also known by Taylor Stuart, Inc., or that Taylor Stuart, Inc. was an adopted name of the company. By deeming the parties to the construction contract to be petitioner and Taylor Stuart, Inc., as the contract expressly and repeatedly states, the arbitrator "simply construed the parties' agreement as presented to [him]," which, even if somehow in error, "is more akin to an error of fact, which will not result in the vacatur of an arbitrator's award" (Matter of Meehan v Nassau Community Coll. , 242 AD2d 155, 157-158 [2d Dept 1998], lv dismissed 92 NY2d 946 [1998]).
As for the existence or nonexistence of Taylor Stuart, Inc., evidence was presented that this was a business name under which Herman had been operating for years, that he routinely used an email and a website with this name, and that there is no corporate entity in New York under the name Taylor Stuart, Inc. Accordingly, the arbitrator's imposition on Herman of personal liability for failures of performance under the construction contract, given the fictitious nature of Taylor Stuart, Inc., was a determination properly confirmed by the motion court. Furthermore, respondents' argument that the award should be modified to eliminate Herman's personal liability is also unavailing. It is an argument that affects "the merits of the controversy" and does not otherwise fall within the grounds permitted by CPLR 7511(c).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020