| **Alpine Advance 5 LLC v Storm Restoration Specialists Inc.** |
| --- |
| 2025 NY Slip Op 31800(U) |
| May 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654025/2024 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. ARIEL D. CHESLER**                    PART                    **62M**

*Justice*

-----------------------------------------------------------------------X

ALPINE ADVANCE 5 LLC,

                              Petitioner,

               - v -

STORM RESTORATION SPECIALISTS INC., ANDREW
FISHMAN

                              Respondent.

-----------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 654025/2024 |
| MOTION DATE | 08/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13
were read on this motion to/for         CONFIRM/DISAPPROVE AWARD/REPORT   .

Upon the foregoing documents, it is

Petitioner has moved before this Court in an Article 75 proceeding for an Order

confirming an arbitration award, post judgement interest on the award and reasonable counsel

fees. Proper notice of this action was given and Respondents have not submitted any opposition

to the petition.

## BACKGROUND

The parties entered into a written contract dated June 17, 2024 (Verified Petition ¶ 6

[NYSCEF Doc. No. 1]).  The contract contains an agreement to arbitrate any dispute, including

issues of arbitrability, with the arbitration to be administered by Mediation and Civil Arbitration

Inc ("MCA") under its Commercial Arbitration Rules ("MCA Rules") (Contract ¶ 42 [NYSCEF

Doc. No. 4). MCA Rule 32.1 authorizes service of a demand for arbitration by email (*Id.* ¶ 8).

On or around July 8, 2024, a demand for arbitration was filed with MCA and MCA gave

notice to the Respondents in accordance with MCA Rule 5.5 (Verified Petition ¶¶ 10-12).

Respondent did not file an answering statement after MCA gave notice of the demand for

[* 1]

arbitration (*Id.* ¶ 16). On July 31, 2024, Amanda Becker, as Arbitrator, made their award, on default, in writing and awarded that $97,368.75 is due to the Petitioner from Respondents, jointly and severally (Final Arbitration Award, NYSCEF Doc. No. 7). After the Arbitrator delivered a copy of the award to each party on July 31, 2024, in accordance with MCA Rule 37, the Respondents did not comply with the award within seven days (Verified Petition ¶¶ 18-21).

Petitioner commenced this action by filing a petition on August 8, 2024, seeking confirmation of the arbitration award, post judgment interest at a rate of 10%, and counsel fees connected to this application. Petitioner properly served the Notice of Petition on Respondents (Affidavit of Service, NYSCEF Doc. Nos. 12, 13). To date no opposition to the petition has been filed.

## DISCUSSION

As an initial matter, this Petition is marked fully submitted and remains unopposed. The Court need not go into a lengthy analysis of the relief sought. If it were to do so, the Petition would be granted in part for the reasons stated below.

### I.    Confirmation of the Arbitration Award

CPLR § 7510 provides that "the Court shall confirm an award upon application of a party made within one year after its delivery to them, unless the award is vacated or modified upon a ground specified in section 7511 of this article." The application to confirm must be made within one year, which begins to run upon the delivery of the award to the moving party. The one-year period is treated like a statute of limitations, thus generally depriving courts of discretion to extend the period (*Teachers Ass'n of the Tarrytowns v. Tarrytown Board of Education*, 59 A.D.2d 890, [2d Dept 1977]).

**654025/2024   ALPINE ADVANCE 5 LLC vs. STORM RESTORATION SPECIALISTS INC. ET AL**          **Page 2 of 5**
**Motion No.  001**

[* 2]                                               2 of 5

Here, Respondents have not moved to vacate or modify the arbitration award, and no evidence has been presented to the Court that the arbitrator modified the award in any way since it's issuance. The arbitration award was delivered on July 31, 2024, and the Petitioner made this application on August 8, 2024, well within the year limit.

Accordingly, the petition to confirm the arbitration award shall be granted as unopposed.

## II. Post-Judgement Interest

Contracts are interpreted according to the intent of the parties, which is best evidenced by what they express in their written agreement (*Schron v Troutman Sanders LLP*, 20 N.Y.3d 430, 436 [2013]; *Greenfield v Philles Records*, 98 N.Y.2d 562, 569 [2002]). Paragraph 40 of the parties' contract states:

> If ALPINE becomes entitled to the entry of a judgment against any Merchant or any Guarantor, then ALPINE will be entitled to the recovery of prejudgment interest at a rate of 10% per annum, or the maximum rate permitted by applicable law if less, and upon entry of any such judgment, it will accrue interest at a postjudgment rate of 10% per annum, or the maximum rate permitted by applicable law if less, which rate will govern over the statutory rate of interest up until actual satisfaction of the judgment.

CPLR § 5004 sets the statutory interest rate at 9% per annum.

Here, the parties' contract unambiguously provided that any post-judgment interest shall be at a rate of 10% unless the maximum rate under applicable law is less. While the Court can acknowledge Petitioner's argument is unopposed, if the parties intended the interest rate to be set at 10% regardless of applicable law it would have been worded differently. Therefore, Petitioner's request for a post judgment interest rate of 10% is denied and the interest rate shall be set to the statutory amount of 9%.

**654025/2024   ALPINE ADVANCE 5 LLC vs. STORM RESTORATION SPECIALISTS INC. ET AL**          **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

### III. Counsel Fees

On an application to confirm, the court may entertain claims for any costs incurred in the judicial proceeding to confirm the award (as distinguished from costs incurred in the arbitration) (*See Meehan v. Nassau Community College*, 242 A.D.2d 155, 159-160 [2d Dept 1998]). Paragraph 39 of the parties' contract states:

> If an Event of Default occurs or ALPINE prevails in any litigation or arbitration with any Merchant or any Guarantor, then each Merchant and each Guarantor must pay ALPINE's reasonable attorney fees, which may include a contingency fee, as well as administrative or filing fees and arbitrator compensation in any arbitration, expert witness fees, and costs of suit.

Here, there is no question that the parties' contract contains an express provision for an award of reasonable attorney's fees should petitioner prevail in any litigation. Petitioner provided an affirmation of attorney's fees which set forth Counsel's qualifications, hourly rate and time spent preparing and pursuing the petition[1]. Accordingly, the Court will grant the request for counsel fees in connection to this action in the amount of $3,000.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**, the motion is granted in part, in the manner stated above, as unopposed; and it is further

**ORDERED AND ADJUDGED**, the arbitration award is confirmed; and it is further

**ORDERED AND ADJUDGED**, and the post-judgment interest shall be set at a rate of 9% until the judgment is satisfied; and it is further

**ORDERED AND ADJUGED**, Petitioner is awarded the amount of $3,000 as and for counsel fees; and it is further

---

[1] The Court notes that while providing a copy of Petitioner's retainer agreement as well as copies of invoices for the work spent on this proceeding would have been best practice, the issue remains unopposed.

**654025/2024   ALPINE ADVANCE 5 LLC vs. STORM RESTORATION SPECIALISTS INC. ET AL**          **Page 4 of 5**
**Motion No.  001**

[* 4]

4 of 5

**ORDERED AND ADJUGED,** Petitioner is entitled to judgment against Respondents for the sum of $100,368.75 plus statutory interest, and have execution thereof; and it is further

**ORDERED AND ADJUGED,** the County Clerk is directed to enter judgment in favor of Petitioner and against Respondents in the amount of $100,368.75, plus statutory interest to be computed by the Clerk of Court, plus counsel fees in the sum of $3,000.

This constitutes the Decision and Order, and Judgment of the Court.

HON. ARIEL D. CHESLER
J.S.C.

_____
5/16/2025
DATE

_____
ARIEL D. CHESLER, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654025/2024   ALPINE ADVANCE 5 LLC vs. STORM RESTORATION SPECIALISTS INC. ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5